METROPOLITAN LIFE INSURANCE COMPANY *v*. BECRAFT.

[No. 27,001. Filed February 15, 1938.]

*McClure & Shank,* for appellant.

*Overson & Manning,* for appellee.

FANSLER, J.—The appellee, the beneficiary of an insurance policy, brought this action to recover against the appellant on a $1,000 policy issued upon the life of John H. Becraft. The insured died within two years of the issuance of the policy and within the contestable period. The appellant answered that the policy was void by reason of certain misrepresentations in the application with reference to the health of the insured. It is alleged in this answer that the insured stated in his application that he had never suffered from any ailment of the heart or lungs; that he had never consulted a physician for any ailment or disease not in-

cluded in his answers; that the only ailments he referred to in the application were an attack of influenza in 1931, and an automobile accident in 1917 resulting in the loss of a limb. He answered that he had not consulted or been treated by any physician within five years other than those named in the application. It is alleged that these answers were false; that, at the time of making the application, and for a number of years prior thereto, the applicant suffered from attacks of chronic bronchial asthma, a disease of the lungs, and from chronic myocarditis, a disease of the heart; that he had in fact consulted a physician a number of times for the treatment of the lung and heart diseases; and that he had consulted and been treated by a physician on numerous occasions within five years prior to the making of the application, contrary to the representations therein; that the facts misrepresented were material to the risk; that the defendant was ignorant of the facts, and relied upon the representations and was induced thereby to issue the policy; that, after the death of the insured, it was discovered that the representations were false, and defendant tendered back the premiums, which were not accepted. The appellant brought the premiums into court. There was a trial, and judgment for appellee.

The court gave instructions tendered by the appellee, setting out the pleadings and advising the jury that the burden was upon the plaintiff to prove the material allegations of the complaint, and upon the defendant to prove the material allegations of the affirmative answer. The jury was then instructed as follows:

"The court instructs the Jury that it is provided by Statute of the State of Indiana, as follows:

" 'That all statements made by the insured in the ap-

plication shall, in the absence of fraud, be deemed representations and not warranties'."

"Fraud is seldom, if ever, presumed, the presumption being that a man acts honestly.

"In this connection I instruct you that the burden is upon the defendant to prove fraud as against the applicant for insurance, John Harrison Becraft, by a fair preponderance of the evidence before it is entitled to recover on this issue."

The court, on its own motion, gave the following instruction:

"The defendant in this case defends on the theory that John Harrison Becraft in his application for the insurance made false statements and concealed material facts, and that the representations made in Becraft's application were false.

"You are instructed that the burden of showing that these representations and concealment of material facts were false is on the defendant and you are further instructed that fraud must be shown even if the representations were false, and you are further instructed that you must find that the representations were material and affected the hazard of the risk on the part of the defendant. You are the sole judges of the facts that would constitute fraud of the insured. You are also the sole judges as to whether or not the representations concealment made by the insured, if they were false, were representations material to the risk. If you find that the representations and concealment made by Becraft were false and if you further find that Becraft practiced no fraud in making the representations, or if you further find that the representations that were false were not material to the risk, and if you further find that the plaintiff has proved each and all of the material allegations of her complaint, then your verdict should be for the plaintiff."

The appellant tendered the following instructions, which were refused: .

"You are instructed that this is a civil action based on an insurance policy. That the insurance policy and application therefor constitutes the contract which is construed the same as a contract between two individuals. If one party to the contract makes a false statement as to facts material to the contract and thereby induces the other to agree to terms which it might not otherwise have assented to, the party deceived cannot be held on the contract. If John Harrison Becraft made false statements in his application for a policy of insurance and that false statement was of a material fact or facts, the insurance company cannot be held and your verdict should be for the defendant."

"I instruct you that misrepresentations or false statements in an application for insurance representing a fact material to the risk voids the policy and that this is true whether or not the misrepresentation was made innocently or designedly."

The instructions tendered by the appellant, and refused, correctly state the law. The instructions given, and above set out, to the effect that the defendant ▮ was required to prove actual fraud, that is to say, a fraudulent intention upon the part of the applicant, are erroneous. The court seems to have misapprehended the effect of the statute, §39-801, Burns Ann. St. 1933, cl. 5, which provides: "That all statements made by the insured in the application shall, in the absence of fraud, be deemed representations and not warranties." Under the statute in question, actual fraud is only material in determining whether the statements are to be treated as representations or warranties. Where statements in a policy, which according to the terms of the policy, are to be treated as warranties, are false, the policy will be avoided if the statements were

made fraudulently, irrespective of their materiality. But, if statements in the nature of warranties are false, and there is no showing of fraud, they will only avoid the policy if material. The statute does not make, or attempt to make, any change in the rule respecting representations that do not amount to warranties. False representations, concerning a material fact, which mislead, will avoid an insurance contract, like any other contract, regardless of whether the misrepresentation was innocently made or made with a fraudulent design. *New York Life Insurance Co.* v. *Kuhlenschmidt* (1937), ante 212, 11 N. E. (2d) 673.

The appellant made no contention that the statements were warranties, and therefore no question of fraudulent intent or actual fraud is involved. The appellant contended only that the answers were false and material. Whether there was fradulent intent or actual fraud is immaterial. An unqualified statement that a fact exists or does not exist, made for the purpose of inducing another to act, implies that the person who makes it is acquainted with the facts; and, if action is induced by the representation and false statement, the law will impute to him who made the false representation a fraudulent purpose. *Kirkpatrick* v. *Reeves et al.* (1889), 121 Ind. 280, 22 N. E. 139. "Where a party represents a material fact to be true to his personal knowledge, as distinguished from belief or opinion, when he does not know whether it is true or not and it is actually untrue, he is guilty of falsehood, even if he believes it to be true, and if the statement is thus made with the intention that it shall be acted upon by another, who does so act upon it to his injury, the result is actionable fraud." *Rochester Bridge Co. et al* v. *McNeill* (1919), 188 Ind. 432, 439, 122 N. E. 662. It is the injury caused by the misrepresentation of fact that the law protects against. If the misrepresentation was

brought about by forgetfullness or mistake it is just as injurious as an intentional fraud. It accomplishes a fraud upon the other contracting party by inducing him to act upon a false premise, where he would not have acted had he known the truth. Whether it be caused by negligence, or actual fraudulent purpose, good intention or bad, the result is the same. There is no meeting of the minds. It was not necessary for the jury to find fraud as a fact. If there is misrepresentation of a material matter the law constructs the fraud. It cannot be said that, under the instructions, the jury so understood the rule, and, for this error, the cause must be reversed.

At the request of the appellant, the court instructed the jury as follows: "Every fact is material in an application for insurance which increases the risk or which, if disclosed, might have led the insurance company to decline the risk or to accept the risk only for a higher premium." But the court refused to instruct "that the fact that the deceased may have died from a disease or cause other than from the disease which may have been concealed is immaterial and if you find that the concealed facts were material and relied upon by the insurance company at the time of the issuance of the policy, this would void the policy even though the insured may have died from causes other than the concealed facts." This is a correct statement of the law. Whether the jury so understood the law, from the instruction given and last above quoted in full, may be doubted.

The jury was also instructed that "it is for you to determine the cause of the death of John Harrison Becraft." Evidence as to the cause of his death was admitted for the purpose of corroborating the witnesses who testified concerning the facts alleged in the answer of the appellant, and it was competent for that purpose. But the jury was not required

to determine the cause of his death. They might have been in disagreement as to the cause of his death, and, still, all might have agreed that his statements in his application were false in the respects alleged in the answer, and that the matter was material. This was the only issue of fact properly before the jury. If the answers were false in respect to material matter, the plaintiff was not entitled to recover. The last instruction quoted answered no good purpose, and, in connection with the evidence as to the cause of death, might have misled the jury into believing that the materiality of the misrepresentation depended upon whether or not the misrepresentation was with reference to some disease or ailment which caused the death of the insured. What was said in argument before the jury as to the facts and their importance is, of course, not disclosed, but the appellee says in the brief: "The burden was on defendant in action on life insurance policy to show not only that insured misrepresented condition of his health, but that matter misrepresented contributed to his death." It is thus indicated that appellee is pressing here an incorrect rule from which it may be gathered that the same rule was contended for below, and with some success at least, since an instruction clearly and correctly stating the rule was refused. Where facts are misrepresented, the measure of materiality is whether knowledge of the true facts might have led the company to decline the risk, or accept it only for a higher premium. *New York Life Insurance Co.* v. *Kuhlenschmidt, supra.* Since there seems to be confusion concerning this well-settled rule, it would seem advisable to clearly and fully instruct the jury upon the subject.

Appellant predicates error upon the sustaining of an objection to a question propounded to an employee of

the appellant, whose duty it was to pass upon applications for insurance, and who passed upon the application for the policy involved. He was asked whether, if he had known that for a period of approximately nine years the applicant had been treated at least thirty-five times for chronic bronchial asthma, he would have approved the application. There was evidence of such treatments. Appellant says that an objection was sustained, but appellee says that the question was answered, "No, I would not." In any event, the question was competent. A party may testify that he would not have entered into a transaction if he had known the truth, just as he may testify as to his motive or intention. 27 C. J. §193, note 35, p. 58; Wigmore on Evidence (2d Ed.) §581, and note, p. 1017.

Appellee contends that "it is not to be left to the insurance company to say after a death occurred, that it would or would not have issued the policy had the answer been truly given." It is true that the statement of the insurance company, that is to say the statements of its responsible officers and employees, that the company would not have issued the policy, is not conclusive, but such officers or employees may testify to the fact that the company would not have issued the policy, and it may prove that the facts misrepresented are of a character that affected the risk, and that they might reasonably have affected the determination of the company to accept the risk. Experts may give their opinion as to the materiality of the matter misrepresented. It is then for the trior of facts to determine from such evidence whether the representation was material. The appellee quotes from *Volunteer State Life Insurance Co.* v. *Richardson, Adm'r* (1922), 146 Tenn. 589, 606, 244 S. W. 44, 49, 26 A. L. R. 1270, 1278, as follows: "It is true the practice of an insurance company with respect to particular information may be looked to in determin-

ing whether it would have naturally and reasonably influenced the judgment of the insurer, but no sound principle of law would permit a determination of this question merely upon the say-so of the company after the death has occurred. The matter misrepresented must be of that character which the court can say would reasonably affect the insurer's judgment. No misrepresentation of a mere trifling instance in the applicant's health, or the giving of a wrong opinion about the state of his health, if he might honestly be mistaken about it and not fully appreciate the dangers incident to the affliction, will render the statement false or avoid the policy, merely because an insurance company may say that it would not have issued the policy." The language quoted fairly indicates the scope of the inquiry, but the case holds that materiality is to be determined by the court as a matter of law, and not by the jury as the trior of the facts. Whether it is to be determined as a matter of law or of fact has been a troublesome question. See *Geer* v. *Union Mutual Life Insurance Co.* (1937), 273 N. Y. 261, 7 N. E. (2d) 125. But it is clearly a question of fact, and no reason is seen why it should not be determined in the same manner as other questions of fact. The jury may not arbitrarily decide the question contrary to the preponderance of the evidence. Where the evidence is such that there can be no reasonable difference of opinion, the court will control the determination of the jury, but where the evidence is such that reasonable men might differ in their conclusions, the matter will be left to the jury.

Appellee says in the brief that it is her theory "that decedent did not have asthma or heart trouble at the time the policy was taken out; that he was in perfect physical condition." This may have been true, but appellant's defense was predicated upon the ground that he had suffered repeated attacks of asthma,

and had consulted a doctor concerning the ailment on numerous occasions for a long period of time before the application; that, if this had been known, the company would not have issued the policy in the terms in which it was issued; and that the fact that he had had these attacks would have influenced the company in determining whether to accept the risk, notwithstanding he may have free from disease at the time of the application. This defense is sufficient, if proven, regardless of the condition of the applicant's health at the time the policy was issued.

Judgment reversed, with instructions to sustain appellant's motion for a new trial.

Roll, J., absent.