BRUNNEMER, ADMINISTRATRIX *v.* METROPOLITAN
LIFE INSURANCE COMPANY.

[No. 27,015. Filed April 7, 1938.]

*White & Jones, J. Herbert Hartman* and *George S. Elliott,* for appellant.

*Miller, Miller & Bredell,* for appellee.

ROLL, C. J.—This is an action by appellant on a life insurance policy issued by appellee upon the life of Roy T. Harper, payable to Mary J. Harper, appellant's in-

testate, for the sum of Five Hundred Dollars ($500.00).

The complaint in one paragraph alleged the issuing of the policy by appellee, payment of premiums, death of the insured while the policy was in force, the death of the beneficiary Mary J. Harper, the appointment of appellant as administratrix, proof of death and demand and refusal of payment by the appellee. To this complaint the appellee filed answer in four paragraphs: first, a general denial; second, payment. The third and fourth paragraphs of defense seek to avoid the policy on the ground that the insured made false statements in regard to his health at and prior to the issuing of the policy.

Appellant filed replies in general denial to the second, third, and fourth paragraphs of answer. The cause was submitted to the court without the intervention of a jury and upon request the court made a special finding of facts and stated its conclusion of law thereon. The conclusion of law was in favor of appellee and judgment was entered accordingly. Appellant's motion for a new trial was overruled and this appeal perfected.

The only error assigned and relied upon is that the court erred in its conclusion of law on the special findings of facts. The appellant expressly waives the alleged error in overruling the motion for a new trial. The policy of insurance here involved was made an exhibit to appellant's complaint and also by reference in appellee's third and fourth paragraphs of answer. The application for insurance in appellee company was made a part of the contract of insurance. In part C of the application and immediately above the signature of the insured the following statement appears:

"I hereby declare that the statements recorded above and in Part A on the reverse side hereof are true and complete and I agree that any misrepresentation shall render the Policy void and that the Policy shall not be binding upon the Company un-

less upon its date I shall be alive and in sound health.

(Signature of applicant) ROY T. HARPER."

Part C of the application contained the following questions and answers:

"1. I have never had any of the following complaints or diseases: Apoplexy, Appendicitis, Asthma, Bronchitis, Cancer or other Tumor, Consumption, Diabetes, Disease of the Brain, Disease of Heart, Disease of Kidneys, Disease of Liver, Disease of Lungs, Disease of Urinary Organs, Dropsy, Fistule, Fits or Convulsions, General Debility, Goiter, Habitual Cough, Hemorrhage, Insanity, Jaundice, Paralysis, Pleurisy, Pneumonia, Rheumatism, Scrofula, Spinal Disease, Spitting or Raising Blood, Syphilis, Ulcer or Open Sores, Varicose Veins, except

I have stated all exceptions.                                    *No*.

2. I have never been under treatment in any clinic, dispensary, hospital or asylum, nor been an inmate of any almshouse or other institution, except                                    *No*.

I have stated all exceptions, with times and places of such treatments.

3. I am now in sound health and am not blind, deaf, or dumb, nor have I any physical or mental defect or infirmity of any kind, except        *No*.

I have stated all exceptions.

4. I have no Disease of the Eyes or impairment of Sight, except                                    *No*.

I have stated all exceptions.

5. I have not been under the care of any physician within three years, except (when exceptions are stated give names of doctors, dates of attendnace and illness).                                    *None*.

I have stated all exceptions and every case when I have consulted or received treatment from a doctor at his office or elsewhere."

Appellee by its second and third paragraphs of answer contend that the answers to the above and foregoing questions were false and material to the risk; that they were relied upon by appellee and were of such a character as would avoid the policy. The court in its

special findings of fact found the following which we deem material to the question here involved:

"16. That the policy herein sued upon was issued by the defendant upon application made by Roy T. Harper, and upon the representations made by said Roy T. Harper contained in said application for insurance, which application being Exhibit No. 2, is as follows: (H. I.)

17. That the cause of death of the insured was pulmonary tuberculosis; that the insured received treatments for three months at the Veterans Hospital, at Dwight, Illinois; that the insured was unemployed and received a Government pension, all of which facts were shown by Exhibit No. 3, to the Stipulation agreed to by the parties and expressly admitted by the statement of Mary J. Harper, claimant and beneficiary. .

18. That the insured was afflicted with a chronic disease and physical infirmity to-wit: rigidity of the spine from cerebro-spinal meningitis, which fact is shown by Exhibit No. 4 to the Stipulation agreed to by the parties.

19. That insured was under treatment at the Veterans Hospital at Dwight, Illinois, from July 11, 1925, to October 21, 1925, and under treatment at the Indianapolis City Hospital from June 29 to July 2, 1931.

20. That insured had been under the care of a physician from June 29 to July 2, 1931, at the Indianapolis City Hospital, which was within three years prior to the time of the death of the insured.

21. That the policy herein sued upon was of the type issued without medical examination in reliance upon representations made in the application for insurance by the insured. The fact that the insured had received medical treatment within three years or that the insured was suffering from a physical infirmity or rigidity of the spine, or that the insured had received treatment at the Veterans Hospital at Dwight, Illinois, or Indianapolis City Hospital, was not known to the defendant at the time of the issuance of said policy, and if said facts, or either of them, had been made known to the defendant the defendant would not have issued said policy unless and until a medical examination of the insured had been made; and by reason of the in-

sured's denial of said facts in said application the defendant was induced to issue said policy without requiring a medical examination.

22. That as soon as the defendant learned said facts it tendered back the premiums paid under said policy and declared said policy to be void."

Upon these facts the court stated the following conclusion of law:

### "CONCLUSION OF LAW:

That the law is with the defendant and that plaintiff is not entitled to recover from defendant."

Appellant states in her brief that:

"The only question presented is whether or not under the facts found the plaintiff was entitled to recover."

Appellee contends that by its third and fourth paragraphs of answer there was no liability because the facts found show that the insured was not in sound health when the policy was written, but on the contrary shows that the insured was afflicted with tuberculosis and ankylosis of the spine and had been treated by a physician within two years prior thereto for a serious disease. It is contended by the appellant that the facts found by the court do not show that the insured was not in sound health when the policy was issued or before, or that he was afflicted with any disease prior to that time, as the court, in findings seventeen and eighteen, does not fix the time when the insured was a patient in the Veterans Hospital at Dwight, Illinois, or when the insured was afflicted with a chronic disease resulting in rigidity of the spine caused from an attack from cerebro-spinal meningitis.

While it is true that the court did not find specifically by findings seventeen and eighteen that the insured was afflicted as stated in finding eighteen prior to the making of the application by the insured, yet findings number nineteen and twenty do fix the

time when the insured was treated in the Veterans Hospital at Dwight, Illinois, and in the City Hospital, at Indianapolis, which was prior to the making of the application, and by finding twenty-one the court finds, at least by a fair implication, that the insured was afflicted with the rigidity of the spine and had cerebrospinal meningitis before the application was signed by the insured. Finding twenty-one contains the following language: "The fact that the insured had received medical treatment within three years or that the insured was suffering from a physical infirmity or rigidity of the spine or that the insured had received treatment at the Veterans Hospital at Dwight, Illinois, or Indianapolis City Hospital, was not known to the defendant at the time of the issuance of the said policy, and if said facts or either of them had been known to the defendant the defendant would not have issued said policy unless and until a medical examination of the insured had been made . . ." So we think it is a fair deduction from the facts found by the court that the insured, Roy T. Harper, had been confined to the Veterans Hospital at Dwight, Illinois, and in the City Hospital at Indianapolis, and had suffered rigidity of the spine resulting from an attack of cerebro-spinal meningitis prior to the time he made application to appellee company for the policy of insurance here in question.

Appellant contends that no fact is found by the court which would give appellee the right to avoid the policy for the reason that the treatment in the Dwight Hospital in Illinois seven years and ten months before the policy was issued may have been for a trifling ailment or accident not material to the risk and that attendance by a physician must be for some disease or condition which is serious. A mere temporary illness not serious in its nature is not sufficient to support fraud in an answer to the application and cites in support of her contention the case of *Prudential Life Ins. Co.* v.

*Sellers* (1913), 54 Ind. App. 326, 102 N. E. 894. But our interpretation upon the facts found by the court show that the insured was afflicted with such a disease prior to the application that was material to the risk and was of such a character that information concerning it should have been given to the company and a false answer relating thereto was sufficient to support the judgment in this case.

The question as to what answers made by the insured with reference to past ailments and consultations of physicians, when answered falsely, will avoid the policy, has been a subject of much discussion and controversy in courts of last resort not only in this jurisdiction but other jurisdictions.

Whether or not a false answer to such questions suppresses facts or misleads the insurer is usually a question of fact to be left to a jury under proper instructions of the court. If the insurance company inquires of past illness of the applicant or previous consultations with a physician and the answer is in fact false, whether or not such suppression of fact and such false answer is such as to avoid the policy must be determined under the facts as presented. If such false answers and such suppression of fact are of such a character as it could be said that such facts if known to the insurance company would reasonably affect and enter into its decision as to whether or not it would accept the risk at all or accept it on different terms and conditions, such suppression and such false answers would justify the jury in finding that such representations were false and material to the risk. *Collins* v. *Catholic Order of Foresters* (1909), 43 Ind. App. 549, 88 N. E. 87; *Telford* v. *New York Life Insurance Company* (1937), 9 Cal. (2d) 103, 69 Pac. (2d) 835; *Pierre* v. *Metropolitan Life Insurance Company* (1937), 22 Cal. App. (2d) 346, 70 Pac. (2d) 985; *Mouler* v. *American Life Insur-*

*ance Company* (1884), 111 U. S. 335, 4 S. Ct. Rep. 466.

If the insurer in the application asks the prospective applicant about a fact that is within his knowledge, and he answers falsely, still such false answer does not necessarily avoid the policy. Whether or not the false answer will have the effect of avoiding the policy will depend upon a determination of its materiality. If the facts that are withheld or suppressed by the false answer would have reasonably entered into and influenced the company in its decision as to whether it would issue the policy, then such false answers would avoid the policy. But on the other hand, if such suppressed matters could not have reasonably influenced the decision of the company on the question of issuing the policy, then it is difficult to see how such immaterial matter could be considered harmful. So if the company inquires about matters, calling for the opinion of the insured, such as was the case in *Mouler* v. *American Life Insurance Company, supra,* the applicant is obliged to answer truthfully and with the utmost good faith, because the question calls for information vital and material to the insurance company; and if the answer is false and known to be false at the time, such false answers will render the policy void.

Applying the rules as laid down in the above cited authorities it is clear that the answers made by the insured in his application to the appellee company were in fact false and untrue and it concerned matters that seriously affected the applicant's health and was of such a character that the court trying the case could reasonably find would materially influence the insurance company in passing upon the application. Giving the special findings reasonable interpretation in our judgment they fully justify the conclusion of law reached. We find no reversible error.

Judgment affirmed.