**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant,**

v.

**John R. PRICE, Johnny Ray Price, and Albert Dobos, Appellees.**

**No. 3–1276–A–291.**

Court of Appeals of Indiana, Third District.

July 2, 1979.

John P. McQuillan, Robin D. Pierce, Spangler, Jennings, Spangler & Dougherty, Gary, for appellant.

Harlan M. Noel, Noel & Noel, Hammond, for appellees.

GARRARD, Presiding Judge.

### MEMORANDUM DECISION

On September 4, 1973, John Price, Sr. applied for an automobile liability insurance policy from State Farm Mutual Automobile Insurance Company (hereinafter State Farm). The application contained the following question: "During the past five years has the applicant, any household member or any regular driver been convicted of or forfeited bail for any traffic violations?" Mr. Price responded in the negative. In fact, Mr. Price's son, John Ray

Price, had been convicted of three traffic offenses: reckless driving on two occasions and speeding. At all relevant times John Ray was a member of the Price household and a regular driver. State Farm did not conduct any investigation of the driving records of the Price family but relied on the facts as stated in the application in issuing an insurance policy to Mr. Price. John Ray was involved in a traffic accident while driving the insured automobile, injuring appellee Albert Dobos. State Farm subsequently discovered the misrepresentation of the traffic offenses and filed this action to rescind the policy, alleging that the material misrepresentation of fact relied upon by State Farm in providing coverage rendered the policy void *ab initio.*

The trial court, in its special findings of fact, stated:

"3. The defendant John R. Price and his wife materially misrepresented facts within their knowledge in procuring the insurance contract in question from plaintiff State Farm Mutual Automobile Insurance Company.

4. These misrepresentations involved related to the primary driver of the automobiles and the driving records of defendant John R. Price and his son Johny Ray Price.

5. The plaintiff State Farm Mutual Automobile Insurance Company relied upon these material misrepresentations of facts in issuing the insurance contract in question."

In its conclusions of law, the court held that:

"2. Plaintiff State Farm Mutual Insurance Company was not placed on inquiry notice of the misrepresentations of facts by defendant John R. Price and his wife in their applications for issuance of the insurance contract in question.

3. Plaintiff State Farm Mutual Insurance Company incurred a duty reasonably to investigate defendant's, John R. Price, and defendant's family members' insurability within a reasonable time after issuance of the insurance contract in question.

4. Plaintiff State Farm Mutual Insurance Company breached its duty reasonably to investigate defendant's, John R. Price, and defendant's family members' insurability within a reasonable time after issuance of the insurance contract in question and thereby waived its right to rescind the insurance contract in question."

■ Appellant State Farm assigns as error the trial court's holding that State Farm had a duty to investigate the facts stated in the policy application although the company had no notice that the applicant had misrepresented those facts. State Farm argues that an insurance company may rely upon the facts stated in an application for insurance and has no duty to investigate without some notice of the falsity of the representation made.[1]

■ It is well settled in Indiana that material misrepresentations of fact relied upon by an insurer in its decision to issue a policy will render an insurance policy void *ab initio. Brunnemer, Admx. v. Metropolitan Life Ins. Co.* (1938), 213 Ind. 650, 14 N.E.2d 97; *Metropolitan Life Ins. v. Becraft* (1938), 213 Ind. 378, 12 N.E.2d 952; *Automobile Underwriters, Inc. v. Stover* (1971), 148 Ind.App. 555, 268 N.E.2d 114; *Indiana Insurance Co. v. Knoll* (1968), 142 Ind.App. 506, 236 N.E.2d 63. It is essential for recovery that the insurer must have been deceived by the misrepresentations and he must have acted in reliance upon them. *Grissom v. Moran* (1972), 154 Ind. App. 419, 290 N.E.2d 119, 292 N.E.2d 627; *Automobile Underwriters, Inc. v. Smith* (1960), 131 Ind.App. 454, 166 N.E.2d 341, 167 N.E.2d 882. An insurance company has

1. Appellees Price and Dobos do not challenge this statement of the law but argue that there was sufficient information available to State Farm to put them on notice of the falsity. However, the trial court specifically held that State Farm was *not* put on inquiry notice. Appellees did not file a motion to correct errors challenging the correctness of the holding, hence error, if any, made by the trial court in regard to this finding is waived. Indiana Rules of Procedure, Trial Rule 59(G).

no right to rescind a policy where it had knowledge of the facts or where it has sufficient information which would cause a reasonably prudent man to inquire further. Where an insurance company or its agent has knowledge which would be sufficient to lead a prudent man to inquire about the matter, when the truth could have been ascertained conveniently, such knowledge constitutes notice of whatever the inquiry would have discovered and will be regarded as knowledge of the facts. *Union Insurance Exchange, Inc. v. Gaul* (7th Cir. 1968), 393 F.2d 151; *Columbian National Life Insurance Co. v. Rodgers* (10th Cir. 1940), 116 F.2d 705, *cert. den.* 313 U.S. 561, 61 S.Ct. 838, 85 L.Ed. 1521; *Travelers Insurance Co. v. Eviston* (1941), 110 Ind.App. 143, 37 N.E.2d 310.

Therefore, where an insurance company is placed on "inquiry notice," it has a duty to undertake reasonable investigation to ascertain the truth. Failure to undertake such investigation waives the company's right to rescind the policy because of the misrepresentations.

However, while the insurer is bound to use ordinary care and diligence to guard against misrepresentation, this requirement of reasonable prudence is not carried to the extent that the law will ignore an intentional fraud. *Auto Owners Mutual Ins. Co. v. Stanley* (D.C.1967), 262 F.Supp. 1; *Grissom v. Moran* (1972), 154 Ind.App. 419, 290 N.E.2d 119, 292 N.E.2d 627; *Farm Bureau Mutual Ins. Co. of Indiana v. Seal* (1962), 134 Ind.App. 269, 179 N.E.2d 760; *Wood v. Wack* (1903), 31 Ind.App. 252, 67 N.E. 562. A party to a contract may rely on representations of fact where the exercise of reasonable prudence does not dictate otherwise. The mere occurrence of a false representation does not necessarily require the other party to ascertain the truth of the representation. *Culley v. Jones* (1905), 164 Ind. 168, 73 N.E. 94; *Grissom v. Moran, supra; Voorhees v. Cragun* (1916), 61 Ind.App. 690, 112 N.E. 826; 14 I.L.E. *Fraud* § 21, p. 177. Thus, where the party has no reason to doubt the validity of the statement, he may rely thereon without undertaking investigation or further inquiry.

In the case at hand, the trial court specifically found that Price had made material misrepresentations which were relied on by State Farm. The court also expressly found that State Farm had no actual knowledge and was not put on "inquiry notice" of the misrepresentation. Nonetheless the court imposed a duty upon State Farm to investigate the facts given in the application and held that State Farm had waived its right to rescind because it had failed to investigate. This holding is contrary to law. State Farm had no notice that the information obtained from Price was false; therefore it was entitled to rely on this information in issuing its policy and had no duty to investigate the truthfulness of the application. Only where the insurer has sufficient information to give rise to a reason to doubt the representations made is there an obligation to investigate or make further inquiry.

The judgment of the trial court is therefore reversed and the case is remanded with instructions to enter judgment in favor of State Farm.

HOFFMAN and STATON, JJ., concur.