**STATE FARM FIRE & CASUALTY INSURANCE COMPANY Appellant (Defendant Below),**

v.

**Robert J. GRAHAM and Carrie Graham Appellees (Plaintiffs Below).**

No. 61A01–8811–CV–366.

Court of Appeals of Indiana, First District.

Sept. 20, 1989.

Michael V. Gooch, John S. Beeman, Timothy J. Hulett, Harrison & Moberly, Indianapolis, for appellant.

Luther G. Johnson, Keith L. Johnson, Mann Chaney Johnson, Goodwin & Williams, Terre Haute, for appellees.

ROBERTSON, Judge.

█ The controversy in this appeal is whether, in an action on a policy of insurance, an insurance company may avoid payment of loss by establishing an attempt to deceive by false swearing or misrepresentation by the insured in connection with a loss without any showing that the insurance company actually relied upon the false

representation to its detriment.[1] The trial court in the present case instructed the jury to the contrary, charging that an attempt to deceive with respect to the extent of loss would be sufficient to bar recovery, "if not corrected prior to reliance upon [the misrepresentations] by the insurance company." The policy at issue provides:

> Concealment or Fraud. This entire Policy shall be void if any insured has intentionally concealed or misrepresented any material fact or circumstance relating to the insurance.

For purposes of this appeal, this court is to assume that evidence of misrepresentation exists in the record.[2] Hence, the question is squarely presented. We conclude that, in connection with a statement of loss, Indiana law recognizes that an attempt to defraud will suffice to render a policy void, if the policy so provides.

We make clear that this case does not involve a misrepresentation *in an application* for insurance upon which an insurance company would likely base its decision to insure. With respect to misrepresentations in an application for insurance, Indiana law now appears to follow its common law doctrine of fraud, requiring proof of inducement and actual detrimental reliance, without regard to the language of the policy. *See, e.g. Holtzclaw v. Bankers Mutual Ins. Co.* (1983), Ind.App., 448 N.E.2d 55, *trans. denied; American Family Mutual Ins. Co. v. Kivela* (1980), Ind.App., 408 N.E.2d 805 (Representation "material" if fact represented reasonably enters into and influences the insurer's decision to issue policy or charge higher premium); *State Farm Mutual Automobile Ins. Co. v. Price* (1979), 181 Ind.App. 258, 396 N.E.2d 134. But *cf., Metropolitan Life Ins. Co. v. Becraft* (1938), 213 Ind. 378, 12 N.E.2d 952; *Brunnemer v. Metropolitan Life Ins. Co.* (1938), 213 Ind. 650, 14 N.E.2d 97; and *New York Life Ins. Co. v. Kuhlenschmidt* (1941), 218 Ind. 404, 33 N.E.2d 340 (Test of

materiality not whether company *was* influenced but that facts, if truly stated, might reasonably have influenced company in deciding whether to accept risk). State Farm Fire & Casualty Insurance Co. (State Farm) emphasizes that its affirmative defense in this case is not premised upon common law fraud but the terms of the parties' agreement.

Although authority is sparse, Indiana courts have not read an element of reliance into clauses which declare a policy void ab initio for misrepresentations with respect to the extent of a loss; rather, the focus has been on the insured's intent in concealing or misrepresenting facts pertinent to the company's determination of loss. Long ago, in *The Franklin Insurance Co. v. Culver* (1855), 6 Ind. 137, the Indiana Supreme Court approved an instruction which charged the jury to find for the insurance company if it appeared from the evidence that the plaintiff, in a sworn statement, "knowingly" exaggerated his loss. The Franklin Insurance Co. relied upon a clause in the policy which provided that "[a]ny fraud or false swearing by the insured shall cause a forfeiture of all claims, and shall be a full bar to all remedies under the policy." Rejecting the argument that "false swearing" was intended to mean something other than perjury, the court refused to construe the policy in such a manner as to permit forfeiture upon a showing of nothing more than a mistake in the plaintiff's estimate of the property destroyed. The court held instead that no false swearing would defeat a recovery unless it be intentionally false. The seventh circuit has likewise followed the rule that a misstatement in a proof of loss, willfully made, will enable an insurance company to *avoid* a policy, but an innocent mistake will not amount to a violation of a policy's provisions forbidding fraud or false swearing. *See, Palace Cafe v. Hartford*

---

1. The Grahams argue that State Farm has waived this issue because it failed to strictly comply with Ind. Rules of Procedure, Appellate Rule 8.3(A)(7). State Farm's brief substantially complies with the rule and does not hamper our consideration of the issue. Therefore, we find no grounds for waiving the issue and will pro-

ceed to consider the issue on the merits. *Dahlberg v. Ogle* (1977), 266 Ind. 524, 364 N.E.2d 1174, 1175.

2. This assumption is a consequence of the parties' pre-appeal conference.

*Fire Ins. Co.* (7th Cir.1938), 97 F.2d 766, *cert. denied* 305 U.S. 634, 59 S.Ct. 102, 83 L.Ed. 407.

The contractual provision at issue here unambiguously requires an intentional concealment or misrepresentation. Hence, the concern that forfeiture will be occasioned by a mere mistake has been alleviated. The clause also unambiguously specifies the conduct which shall render the policy void. The clause on its face employs a standard distinct from common law fraud; it not only prohibits fraud in the ordinary common law sense but also something less: intentional concealment or misrepresentation of material facts. Inasmuch as the clause explicitly restricts the types of misrepresentations which will trigger a forfeiture to those relating to a "material" fact or circumstance, the issue can be reduced to whether the parties intended by use of the term "material" to implicitly require an element of detrimental reliance.

As we have indicated, Indiana cases construing the term "material" when the misrepresentations arise in the application context have measured materiality by whether knowledge of the truth *might* have led an insurance company to decline the risk. *See, e.g. Becraft, supra,* 213 Ind. at 386, 388, 12 N.E.2d 952 (matter misrepresented must be of a character which the court can say would reasonably affect an insurer's judgment); *Brunnemer, supra,* 213 Ind. at 658, 14 N.E.2d 97 (if suppressed matters could not have reasonably influenced the decision of the company, difficult to see how such immaterial matters could be considered harmful); *Kuhlenschmidt, supra,* 218 Ind. at 420, 33 N.E.2d 340 (instruction which informed jury that representations were material if they did influence judgment of insurance company properly refused). The definition of materiality espoused in these decisions differs little from the concept utilized by the U.S. Supreme Court in *Claflin v. Commonwealth Ins. Co.* (1884), 110 U.S. 81, 3 S.Ct. 507, 28 L.Ed. 76, the authority at the heart of those decisions refusing to read a prejudice component into an insurance contract in connection with a loss:[3]

> ... if they are knowingly false, and willfully made, the fact that they are material is proof of an attempted fraud, because their materiality, in the eye of the law, consists *in their tendency to influence* the conduct of the party who has an interest in them, and to whom they are addressed.

110 U.S. at 95, 3 S.Ct. at 515. (Emphasis supplied.) *See, e.g. Chaachou v. American Central Ins. Co.* (5th Cir.1957), 241 F.2d 889; *American Diver's Supply and Manufacturing Corp. v. Boltz* (10th Cir. 1973), 482 F.2d 795; *Mamco, Inc. v. American Employers Ins. Co.* (5th Cir.1984), 736 F.2d 187.

As a practical matter, a construction of "materiality" limiting forfeiture to cases of fully consummated fraud would effectively nullify the provision and work at cross-purposes with the obvious intent of the provision which is to prevent fraud and false swearing. The insured suffers no disadvantage whatsoever in deceiving the insurer as to the extent of its loss in situations where the insurer uncovers the falsehood. The insurer would still be required to pay, ultimately retarding an orderly settlement of claims and forcing litigation. As the tenth circuit noted, it is not reasonable to expect an insurance company to knowingly pay an unjustified claim. "There is no need for the insurance company to wait to be damaged when the deceit itself is the proscribed activity, and the stated penalty is forfeiture of all benefits." *American Diver's Supply,* 482 F.2d at 798.

For these reasons, we conclude that the trial court erred in instructing the jury that State Farm must show it had relied to its detriment upon the Grahams' misrepresentations as to the extent of their loss. State Farm's affirmative defense of false swear-

---

3. That this court is only now directly addressing this issue is truly amazing given the wealth of authority in other jurisdictions, the majority rejecting the assertion that the insurer must actu-ally be misled. For a partial listing of authorities, *see Chaachou v. American Central Ins. Co.* (5th Cir.1957), 241 F.2d 889, 894, n. 6 and Annot., 16 A.L.R.3d 774.

ing was based upon a contractual agreement which unambiguously provides for a forfeiture of all benefits upon a showing of an intentional concealment or misrepresentation of a material fact. The jury should have been instructed to find in State Farm's favor if it found from the evidence that the Grahams intentionally concealed or misrepresented material circumstances relating to its loss.

■ The Grahams contend that any error in the giving of this instruction was harmless error if the instructions are considered as a whole. The court did instruct the jury by separate instruction that it could find against the Grahams if it found either of them intentionally concealed or misrepresented a material fact. The court also gave the Grahams tendered instruction which reads:

> False statements under oath upon which the insurance company does not rely, by which it is not injured, deceived or induced to do any act, and which were made without any intent to deceive or defraud the company do not constitute fraud or attempt at fraud and are no defense to an action on the policy.

The record indicates that State Farm objected to this instruction as it did the amended instruction at issue.

We cannot reconcile the inconsistencies between the instructions. On the one hand, the court charged the jury it could find against the Grahams if it found a material, intentional concealment or misrepresentation. In the next instruction, it informed the jury that if it found the Grahams had attempted to deceive, but corrected their misrepresentation before State Farm relied to its detriment, there would be no bar to recovery. Finally, the court instructed that if the jury did not find reliance or injury *and* an intentional misrepresentation, no defense existed to an action on the policy.

Were we able to discern from the jury's verdict that it had determined the Grahams did not intend to deceive, or that the mis-

representation was not material to State Farm's actions with respect to the loss, we would be able to conclude that error in the instruction would not warrant reversal. However, since the jury could have determined either that the Grahams intentionally misrepresented material facts but State Farm did not rely, or that the Grahams experienced a change of heart before State Farm relied, we are unable to say that the jury's verdict was not based upon the erroneous instruction. *See, Kurowsky v. Deutsch* (1989), Ind., 533 N.E.2d 1210, 1211; *Whitaker v. Kruse* (1986), Ind.App., 495 N.E.2d 223, 225. Consequently, error in the giving of the instruction constitutes grounds for reversal.

Judgment reversed and remanded for a new trial.

BAKER, J., concurs.

STATON, J., dissents with separate opinion.

STATON, Judge, dissenting.

I dissent from the Majority Opinion since its result is based upon the contract of insurance which is clearly not subject to an interpretation on appeal. Contractually, the clause relied upon by the Majority is one commonly used in reference to information given for the application of insurance. It has absolutely nothing to do with claims of losses. The clause is as follows:

> *Concealment or Fraud.* This entire policy shall be void if any *insured* has intentionally concealed or misrepresented any material fact or circumstance relating to this insurance.

Policy, p. 12, Record p. 23. The use of the past tense further emphasizes the clear and unambiguous intent of the clause. Words like "loss" or "claim" are noticeably absent. Too, there is no change in the tense from past to future.

In the cases relied upon by the Majority, there is a noticeable difference. Upon an examination of the contract of insurance in *Chaachou v. Amer'n Central Ins. Co.* (5th

Cir.1957), 241 F.2d 889, the clause actually reads:

> This entire policy shall be void if, whether *before or after a loss*, the insured has wilfully concealed or misrepresented any material fact or circumstance concerning this insurance,.... (Emphasis added.)

*Chaachou, supra*, at 890, n. 1.[1]

In *Claflin v. Commonwealth Ins. Co.* (1884), 110 U.S. 81, 3 S.Ct. 507, 28 L.Ed. 76, the insurance policies contained clauses that addressed future action which would occur after the application for insurance had been completed:

> all fraud or attempt at fraud, by false swearing or otherwise, shall forfeit all claim on this company, and be a perpetual bar to any recovery under this policy.

*Claflin, supra*, at 83, 3 S.Ct. at 507. The absence of any reference to future "false swearing" or mention of "claims" or "perpetual bar to any recovery under this policy" is apparent in the insurance policy before us:

> *Concealment or Fraud.* This entire policy shall be void if any *insured* has intentionally concealed or misrepresented any material fact or circumstance relating to this insurance.

Policy, p. 12, Record p. 23. Indiana law is in agreement with these cases. In *American Economy Ins. Co. v. Liggett* (1981), Ind.App., 426 N.E.2d 136, this Court dealt with the definition of fraud where the insurance policy had a clause that contained a "before or after a loss" provision. *American Economy, supra*, at 138.

Therefore, the trial court was correct in amending the instruction to include the element of reliance.

> False representations, concerning a material fact, *which mislead*, will avoid an insurance contract, just as any other contract, regardless whether the misrepresentation was innocently made or made with a fraudulent intent. (Emphasis added.)

*Bush v. Washington Nat. Ins. Co.* (1989), Ind.App., 534 N.E.2d 1139, 1142.

I would affirm the trial court.

---

**1.** The identical provision is at question in: *Mutual of Enumclaw Ins. Co. v. Cox* (1988), 110 Wash.2d 643, 757 P.2d 499, 501, *reh. denied; Fine v. Bellefonte Underwriters Ins. Co.* (2nd Cir.1984), 725 F.2d 179, 181, n. 4, *aff'd*, (2nd Cir.1985), 758 F.2d 50, *cert. denied*, (1985), 474 U.S. 826, 106 S.Ct. 86, 88 L.Ed.2d 70.