AUTOMOBILE UNDERWRITERS, INC. *v.* DORIS STOVER.

[No. 770A108. Filed April 7, 1971. Rehearing denied May 12, 1971. Transfer denied November 21, 1972.]

*Paul T. Brenton, Soshnick, Brenton & Bate,* of Shelbyville, for appellant.

*Vincent Kelley, Kelley, Arnold & Kelley,* of Anderson, for appellee.

ROBERTSON, J.—The appellee, Doris Stover, suffered injuries in an automobile accident as a result of a collision of a vehicle in which she was a passenger and that of one Joseph M. Roe, deceased. The appellee filed a complaint in the Tipton Court against Roe's estate and received a judgment of $10,000.

Appellee then filed suit against the appellant insurance company, as the automobile liability insurer of Joseph M. Roe, for the collection of the prior award of damages. The appellant, by way of answer, presented the defense that Roe falsely answered a material question on his application of insurance, thereby rendering the policy void ab initio. A judgment in the Hancock Circuit Court for appellee in the sum of $10,000 plus interest was rendered.[1]

The appellant timely filed a motion to correct errors alleging three specifications, namely, the decision was contrary to law; not supported by the evidence; and an error of law occurring at the trial in that the court erred in overruling motions for a finding for the appellant at the close of plaintiff's case, and at the close of defendant's case. The appeal is based upon the overruling of the motion to correct errors.

---

1. Whether or not the appellant insurance company should have appeared and defended against the claim advanced in the Tipton Circuit Court, under a reservation of rights, will not be decided in this opinion because of the failure to raise the issue.

A brief recital of the evidence, viewed in a light most favorable to the appellee, includes proof of the prior judgment; that the decedent was subject to spells or seizures since early childhood and had been under medication for either the seizures or a nervous disorder for a like period of time; there was no visible driver in decedent's automobile at the time of the accident; that the insurance company would not have issued an insurance policy had they known of Roe's condition; and that the decedent may have had previous difficulty with a sticking accelerator on his automobile.

The primary thrust of the appellant's argument is based upon the defense as raised in its answer below, i.e., the negative answer given by Roe at the time of initial application for insurance to the question as to whether or not he had "any physical or mental defect" renders the policy void ab initio.

In order for the insurance policy to be declared void, or voidable, the representation made by Roe at the time of application must be shown as one which might reasonably influence the insurer in deciding whether or not it should reject or accept the risk. *Mutual Benefit Life Ins. Co.* v. *Miller* (1872), 39 Ind. 475; *Metropolitan Life Ins. Co.* v. *Head* (1927), 86 Ind. App. 326, 157 N. E. 448; *New York Life Ins. Co.* v. *Kuhlenschmidt* (1937), 213 Ind. 212, 11 N. E. 2d 673.

A more complete review of the testimony adduced at the trial, viewed most favorably to the appellee, as it pertained to Roe's condition, reveals that the family physician stated that Roe had had epileptiform seizures during early childhood. The doctor had made a continuing prescription for dilantin sodium for the decedent at about age fourteen or fifteen, as well as writing letters to the draft board and the decedent's employer, for the purpose of being deferred from military service in the first instance and that decedent should not work about machinery in the latter, based upon Roe's history of seizures. However, the doctor stated he had not personally observed any seizures on the part of Roe for a number of

years.  Other witnesses for the appellant testified to seeing seizures from the time decedent was in high school through his employment subsequent to graduation.  The seizures were described as lasting from ten to twenty seconds with Roe gasping, turning very pale, and exhibiting incoherency.  Still other witnesses testified they had not seen a seizure, or, primarily based upon evidence by members of the Roe family, they had not seen a spell for several years, although they were aware of his taking medication through the time of his death in the auto accident.

A similar situation to the case at bar existed in *Indiana Insurance Co.* v. *Knoll* (1968), 142 Ind. App. 506, 236 N. E. 2d 63.  There the applicant falsely answered a question pertaining to a suspended driver's license, and whether or not proof of financial responsibility had been required.  The court held this to be a false answer to a material question rendering the automobile liability insurance policy void. It is our opinion that the law as expressed in *Indiana Insurance Co., supra,* is controlling in the instant case.

It matters not whether Roe answered the question with or without a fraudulent intent.  *New York Life Ins. Co.* v. *Kuhlenschmidt, supra.*  The inescapable fact remains that had the insurance company known of the decedent's condition it might well have affected the risk assumed which, in turn, would lead to a change in premium or no issuance of the policy.

> "If the insurer in the application asks the prospective applicant about a fact that is within his knowledge, and he answers falsely, still such false answer does not necessarily avoid the policy.  Whether or not the false answer will have the effect of avoiding the policy will depend upon a determination of its materiality.  If the facts that are withheld or suppressed by the false answer would have reasonably entered into and influenced the company in its decision as to whether it would issue the policy, then such false answers would avoid the policy."  *Brunnemer, Admx.* v. *Metropolitan Ins. Co.* (1938), 213 Ind. 650, 658, 14 N. E. 2d 97, 100.

As a matter of law we hold that the insurance policy in this case is voidable at the company's option.

The appellee contends, assuming the policy is found to be void, the insurance company waived the right to so declare because of their failure to timely tender a refund of premiums.

"This as well as the Supreme Court and the courts of other jurisdictions generally have frequently held that both as to fire and life insurance policies where a defense is based upon a breach of the policy that renders the contract ineffectual from its inception, and where, in fact, no risk attached, that under such circumstances there is no consideration for the premium received, and that the insurer upon learning of the breach should seasonably offer to restore the premium received by it; and failing to do so, it could not insist upon a forfeiture of the policy . . .; *Catholic Order of Foresters* v. *Collins* (1912), 51 Ind. App. 285, 99 N. E. 745." *Ohio, etc., Ins. Co.* v. *Williams* (1916), 63 Ind. App. 435, 439, 112 N. E. 556, 558.

Approximately three months after the accident the appellant sent two checks, each representing one year's premium on the policy in question, to the decedent's father. They were made payable to him as surviving next of kin. The checks were cashed after a long period of time by the payee. There has been some questioning by the appellee as to the correctness of this course, as opposed to making the checks payable to the estate in which the decedent's brother was serving as administrator. The insurance company acted in good faith, made the tender in the correct amount and within a reasonable time, and the benefits ultimately reached the administrator. The appellant did comply with the doctrine as set forth in *Ohio, etc., Ins. Co.* v. *Williams, supra.*

The court having determined reversible error was committed by the trial court is not now required to pass on the other specifications assigned as error.

The judgment of the trial court is reversed and the cause remanded for judgment accordingly.

Sullivan, P.J., Buchanan and Lowdermilk, JJ., concur.

NOTE.—Reported in 268 N. E. 2d 114.