**HOOSIER STATE BANK OF INDIANA, Plaintiff,**

v.

**INTERNATIONAL SURPLUS LINES INSURANCE COMPANY, Defendant.**

**No. H 77–344.**

United States District Court,
N. D. Indiana,
Hammond Division.

July 28, 1982.

---

1. Exceptions to the rule stated in *Berry v. Bourne*, 588 F.2d 422, 423–424 (4th Cir. 1978), do not arise in this case.

Albert C. Hand, Hammond, Ind., for plaintiff.

Robert Kluchin, John Morrison, Chicago, Ill., Frederick H. Link, Hammond, Ind., for defendant.

KANNE, District Judge.

On October 1, 1972, plaintiff entered into an indenture with the City of Mammoth Spring, Arkansas, as trustee for bondholders purchasing industrial revenue bonds from the city with a total face value of 2.5 million dollars. By its terms, the city was to buy land and to construct a fish farm facility, which it would then lease to Marine Protein Corporation. Marine Protein in turn would arrange for underwriting and insuring of the bonds, and promised to make rental payments from the fish farm operation to the bank to service the bonds. Repayment of the bonds was to be secured by a lien on the fish farm.

On February 10, 1975, the plaintiff received notice that in violation of the agreement, the fish farm's net worth had fallen below the face value of the bonds. The bank promptly served notice of default on Marine Protein. On March 1, 1975, it notified the bondholders of Marine Protein's failure to maintain the agreed net worth and to pay rentals as the indenture required.

The bank applied for trustee's insurance with the defendant and a policy was issued, on June 6, 1975. It covered claims made during the term of the policy, which ran from June 6, 1975, to November 1, 1976.

In February, 1976, two bondholders filed a class action against the plaintiff in the Southern District of New York, which alleged two counts of violations of federal securities laws, and one count alleging breach of contract and breach of fiduciary duty. The Court dismissed Count III on jurisdictional grounds in December, 1977. Plaintiffs then refiled their action in the New York State Court. *Cohen, et al. v. Friday, Eldredge & Clark, et al.*

In the instant suit, plaintiff seeks a declaratory judgment holding that the defendant is liable under the policy for the costs and plaintiff's ultimate liability, if any, in the above suits.

Although the terms of the policy exclude coverage for claims derived from securities laws violations, the plaintiff contends that the bank's claimed breach of duty by disbursing funds to Marine Protein without proper documentation was the only claim which the bondholders' actions had pursued in any "significant" manner.

Defendants moved to dismiss the complaint, which Judge Phil M. McNagny, Jr., treated as a motion for summary judgment at oral argument on January 12, 1979.

Defendant raised two objections to plaintiff's recovery under the Trustee's Policy. Section 1(b) of the policy excludes "any loss or liability while acting as trustee under a corporate bond indenture." Defendant argues that the defaulted development bonds were "corporate" bonds; and thus, insured was acting as a corporate trustee when the loss at issue occurred.

The documentary evidence they cite to support this view is that clause of the Trust Indenture under which the bank agrees "to perform said trusts as an ordinarily prudent trustee under a corporate mortgage," Art. XI, Sec. 1101. Defendant also argues that the city is a corporation, and therefore the industrial development bonds it issued were corporate bonds. Alternatively, it is contended that the bonds were corporate "in substance", since the proceeds of the bond issue went exclusively to finance Marine Protein properties, the bonds were secured by the company's assets, and were to be retired by the company's rental payments.

In construing an exclusionary term, the Court should give the "natural and ordinary meaning" to the words at issue. *Masonic Acc. Ins. Co. v. Jackson*, 200 Ind. 472, 164 N.E. 628 (1929). An exclusion in an insurance contract, "to be effective, must clearly and unmistakably bring within its scope the particular act or omission that will bring the condition or exclusion into play." *Huntington Mut. Ins. Co. v. Walker*, Ind.App., 392 N.E.2d 1182, 1185 (1979). In common usage, "corporate" and "municipal" bonds are two distinct types of bonds. *Black's Law Dictionary*, "BONDS". Federal securities legislation treats industrial revenue bonds as municipal bonds. 15 U.S.C. §§ 77c(a)(2), 78c(a)(12). While industrial development bonds bear certain

similarities to private corporate bonds, they have the following characteristics of municipal bonds:

   (1) They are issued by a public body;

   (2) They are authorized by public law;

   (3) They are issued for a public purpose;

   (4) They have a different market from private corporate bonds; and

   (5) They are subject to different statutory regulations and regulating bodies.

Municipal Bonds and the Federal Securities Laws, 28 Van.L.R. 561 (1975); *Hawkins v. City of Greenfield*, 230 N.E.2d 396, 248 Ind. 593, (1967); *Wayland v. Snepp*, 232 Ark. 57, 334 S.W.2d 633 (1960).

Accordingly, the Court finds that the "natural and ordinary meaning" of the phrase "corporate bond" does not connote a bond issued by a municipality. Thus, policy coverage in this case would not be proscribed on the basis of the bank's role in an industrial development bond indenture issued by a municipality.

The defendant also maintains that the policy is voidable because of several misrepresentations made by plaintiff in its policy application. In light of the Court's finding that this was not a corporate bond indenture, it follows that this was not a "corporate trust." Thus, plaintiff need not have regarded it as such in its answers to Questions 6 and 7.

Defendant also argues that plaintiff should have listed the Marine Protein account under Question 8, which asks for the "asset value of largest Trust Department Account." It maintains that the asset value was the face value of the bond issue, while plaintiff asserts that it was far below the value of two million dollars, which it reported as the asset value of its largest account. Since the defendant has not demonstrated the absence of a genuine factual dispute on this issue, summary judgment would not be appropriate on the basis of the plaintiff's answer to Question 8.

Defendant, finally, attacks plaintiff's answer to Question 14 as false. It asks the applicant, "Have you any knowledge of information of any occurrence whatsoever which might give rise to a claim being made against you?" Defendants argue that the Marine Protein default is such an "occurrence", and plaintiff's failure to record that fact is a material misrepresentation which entitles it to treat the policy as void. Plaintiff argues that the question does not require it to reveal which accounts are not current.

A question of this type must be "reasonably designed to elicit any information" which the applicant possesses which is material to the risk. *Government Employees Insurance Co. v. Cain*, 226 F.Supp. 589 (D.Md.1964). An applicant must be reasonably chargeable with knowledge that the facts omitted were within the scope of the questions. A particular misrepresentation not only must be actually material to the insurer's risk, but must also be such that a reasonable person would, under the circumstances, attach importance to it in determining his response to the application. Appleman, Insurance Law & Practice, § 7292.

To succeed on their motion, defendants have the burden of demonstrating that there is no genuine issue of material fact as to whether the question reasonably required the answer allegedly withheld by the plaintiff, as well as whether the omission was material to the risk.

There is no dispute that plaintiff knew of the default when it applied for the trustees insurance policy at issue. However, the defendant must establish beyond dispute that a reasonable applicant in plaintiff's position would be aware that a bond default would be the sort of event which "might" trigger legal liability. The question asks the applicant to make a judgment as to what occurrences might give rise to a future claim. In that regard, it differs from situations where the applicant is asked, for example, whether his license has been suspended, *Indiana Ins. Co. v. Knoll*, 142 Ind. App. 506, 236 N.E.2d 63 (1968), or to list physical defects of which he is aware, *Automobile Underwriters Inc. v. Stover*, 148 Ind. App. 555, 268 N.E.2d 114, 72 A.L.R.3d 799 (1971).

128

The Court finds that a factual dispute exists as to whether the question reasonably asked for the allegedly omitted disclosure about the Marine Protein default. Further, the defendant has failed to adduce any evidence that the omitted answer, would have been material to the risk. *American Family Mut. Ins. Co. v. Kivela*, Ind.App., 408 N.E.2d 805 (1980); *Metropolitan Ins. Co. v. Becraft*, 213 Ind. 378, 12 N.E.2d 952 (1928). Accordingly, the Court must deny the motion for summary judgment.

IT IS ORDERED that the motion of the defendant to dismiss, or for summary judgment, be and is hereby DENIED.