PEKIN INSURANCE COMPANY,
Plaintiff,

v.

Connie S. SUPER, Individually and as Executrix of the Estate of Raymond L. Super, Deceased, Defendants.

State Farm Mutual Automobile Insurance Company, Intervenor.

No. IP 94–1293–C–G.

United States District Court, S.D. Indiana, Indianapolis Division.

Dec. 29, 1995.

---

Grover B. Davis, McClure, McClure & Kammen, Indianapolis, Indiana.

James R. Matthews, Keating, Muething & Klekamp, Cincinnati, Ohio.

Brian W. Welch, McHale, Cook & Welch, Indianapolis, Indiana, Theodore J. Blanford, DeMoss & Associates, Indianapolis, Indiana.

### *ORDER*

GODICH, United States Magistrate Judge.

This cause comes before the Court on Plaintiff's Motion for Summary Judgment, Defendants' and Intervenor State Farm's Responses thereto, Plaintiff's Supplemental Memorandum in Support of its Motion for Summary Judgment, and Intervenor State Farm's Revised Proposed Conclusions of Law. Having considered the foregoing and being duly advised, the Court hereby

GRANTS Plaintiff's Motion for Summary Judgment.

## I. Background

For purposes of Plaintiff's Motion for Summary Judgment, the parties have agreed to the following facts:

On July 12, 1994, Terri Brown applied for automobile insurance for herself and her husband, Michael Brown, at the First Insurance Group of Bloomington, Indiana. Among other things, Ms. Brown stated on her insurance application that no driver in her household had been in an accident or had their driver's license suspended in the preceding five years.

The insurance agent, Robert Watt, bound coverage for the Browns with Pekin Insurance Company ("Pekin") in the amount of $100,000 per person/$300,000 per occurrence, effective July 24, 1994. Ms. Brown had not asked for any specific amount of coverage. Mr. Watt then forwarded the Browns' application to Pekin, who received it on August 1, 1994. That day, Pekin requested the Browns' Indiana driver's license records.

Also on August 1, Mr. Brown was involved in an automobile accident with Defendants Connie and Raymond Super. After being notified of the accident that day, Mr. Watt transmitted a loss notice to Pekin's local claim office after business hours.

On August 3, 1994, Pekin received the Browns' Indiana driver's license records, which revealed that Mr. Brown's license had been suspended when the Browns applied for insurance and remained suspended. Pekin also discovered that in the preceding five years, Mr. Brown had been in two automobile accidents and had been convicted of driving with a suspended license and of disregarding a stop or yield sign.

Pekin's underwriting department determined that if it had known these facts, it would have denied the Browns coverage. Mr. Watt also determined that he would not have bound coverage for the Browns had he known these facts. Pekin then notified the Browns that their binder was retroactively voided and refunded all premiums paid on the policy.

Pekin subsequently filed this declaratory judgment action, arguing that it had no liability on the binder because of the misrepresentations in the Browns' application. Jurisdiction is based on diversity of citizenship between the parties. Pekin settled with the Browns, agreeing to provide coverage for the accident in the amount of $25,000 per person and $50,000 per occurrence, the liability insurance levels required by Indiana's Financial Responsibility Act. Pekin then filed its Motion for Summary Judgment, arguing that it should be allowed to rescind the Brown's coverage in excess of the amounts required by the Financial Responsibility Act.

## II. Discussion

When considering a motion for summary judgment, the Court must view the facts in the light most favorable to the non-moving party and may only grant the motion if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Eversole v. Steele,* 59 F.3d 710, 714 (7th Cir.1995). When sitting in diversity, the Court applies the law of the state originating the controversy, "attempting to predict how the [state] Supreme Court would decide the issues presented." *Smith v. Equitable Life Assurance Soc. of the United States,* 67 F.3d 611, 615 (7th Cir.1995).

Historically in Indiana, an insurance company could rescind a policy based on material misrepresentations in the insurance application even after a third party was injured. *See e.g. Automobile Underwriters, Inc. v. Stover,* 148 Ind.App. 555, 268 N.E.2d 114 (1971). This changed, however, after passage of Indiana's Financial Responsibility Act, which provides that a person may not register or operate a vehicle in Indiana unless they are capable of paying damages of at least $25,000 per individual or $50,000 per accident for liability arising in connection with the vehicle. Ind.Code § 9–25–4–1 *et seq.* Indiana courts have held that allowing insurers to rescind coverage after injuries to third persons would frustrate the Financial Responsibility Act's goal of assuring recovery to accident victims. *See American Underwriters Group v. Williamson,* 496 N.E.2d

807, 810 (Ind.App.1986). The question posed in this case, however, is:

> whether, when coverage is bound based on an application which contains material misrepresentations, and an accident occurs in which a third party claims injuries, is [an insurance company] prohibited from raising the common law defense[ ] of material misrepresentation in the application to avoid liability to the third party in excess of the amounts required by the Indiana Financial Responsibility laws?

Pre–Trial Conference Status Report and Request for Amendment of Case Management Order at 3.

As the Indiana Supreme Court has not addressed this issue, the Court is guided by two Indiana Court of Appeals decisions. In *Williamson, supra,* the plaintiff sought a declaratory judgment that it could rescind the defendant's insurance, thus avoiding liability to a third party, because the defendant failed to disclose his history of epilepsy on his insurance application. *Id.* at 808. The Third District of the Indiana Court of Appeals held that "an insurer cannot on the ground of fraud or misrepresentation retrospectively avoid coverage under a compulsory or financial responsibility law so as to escape liability to a third party," because doing so would defeat the Financial Responsibility Act's purpose of assuring "a source and means of recovery" to auto accident victims. *Id.* at 810–11.

In *Motorists Mut. Ins. Co. v. Morris,* 654 N.E.2d 861 (Ind.App.1995), Motorists refused to honor the claims of parties injured in an accident with Motorists' insured, Mr. Morris, because of misrepresentations in his insurance application. United Farm Bureau paid the third parties' claims under their uninsured motorist policies and then sought recovery from Motorists of the amounts paid. *Id.* at 861–62. The First District of the Indiana Court of Appeals held that because the injured third parties had uninsured motorist coverage, *Williamson* did not apply, and Motorists could "properly rescind (*ab initio* ) Morris' contract of insurance such that, at the time of the collision, Morris was, in effect, an uninsured motorist." *Id.* at 863. The Court based its holding on three factors:

(1) the fact that "the legislature's policy of compensating accident victims has been upheld," (2) the fact that "the real dispute here is between insurance companies who are not entitled to protection under [Indiana's Financial Responsibility Act]," and (3) the fact that United Farm Bureau accepted and was compensated for the risk of injury to its insureds by an uninsured motorist when it issued their uninsured motorist policy. *Id.*

Plaintiff argues that *Morris* controls this case. Pekin Insurance Company's Supplemental Memorandum in Support of its Motion for Summary Judgment at 6–10 ("Plaintiff's Supplemental Memorandum"). State Farm argues that (1) *Morris* does not overrule *Williamson,* (2) that *Morris* "does not apply in the case at bar in that Pekin Insurance Company did not rescind *ab initio* a contract of insurance but rather reformed the coverage which was in force pursuant to the binder executed on July 12, 1994," and, (3) that in the alternative, *Morris* conflicts with *Williamson,* and thus a split exists among the districts of the Indiana Appellate Court which should be resolved by certifying a question to the Indiana Supreme Court. Intervenor State Farm's Revised Proposed Conclusions of Law at 2–3.

The Court agrees with State Farm that *Morris* does not overrule *Williamson*—the decisions were issued by separate districts of the Indiana Court of Appeals. The Court also agrees that *Morris* and *Williamson* conflict.

*A. Conflict between Williamson and Morris*

Again, *Williamson* holds that "an insurer cannot on the ground of fraud or misrepresentation retrospectively avoid coverage under a compulsory or financial responsibility law so as to escape liability to a third party." *Williamson, supra* at 810–11. *Morris* holds that an insurer can on the ground of fraud or misrepresentation retrospectively avoid coverage so as to escape liability to a third party in the circumstance that the third party has uninsured motorist coverage. *Morris, supra* at 863–64.

*Morris* attempts to distinguish *Williamson* by stating that *Williamson* does not control

in cases where the injured third party has uninsured motorist coverage. *Morris, supra* at 863. However, the Court finds that *Morris'* attempt to distinguish *Williamson* is unsuccessful. The *Williamson* opinion does not reveal whether the injured third party therein had uninsured motorist coverage and does not consider what effect such coverage would have. Despite the fact that Judge Garrard joined in both opinions, there is no indication that the *Williamson* court meant to limit its holding only to those cases where the injured party has no uninsured motorist coverage, and the Court reads *Williamson* as holding that rescission is prohibited in all cases. Thus, *Williamson* and *Morris* represent a split between the Third District and the First District of the Indiana Court of Appeals.

### B. Certification

■ Intervenor State Farm requests the Court to certify the question presented in this case to the Indiana Supreme Court. Intervenor State Farm's Revised Proposed Conclusions of Law at 3. "The decision to grant or deny a motion to certify a question of state law is discretionary with the district court." *United Farm Bureau Mut. Ins. Co., Inc. v. Metropolitan Human Relations Comm'n*, 24 F.3d 1008, 1015 n. 10 (7th Cir. 1994). The question presented here is not one which arises frequently, and the Court is confident that it can accurately predict how the Indiana Supreme Court would rule. Therefore, the Court declines to certify a question to the Indiana Supreme Court.

### C. How Would the Indiana Supreme Court Decide?

■ When sitting in diversity, "federal courts treat decisions by [state] intermediate appellate courts as authoritative, unless . . . a split among those courts makes such treatment impossible, or unless there is a compelling reason to doubt that the courts have got the law right." *Rekhi v. Wildwood Indus.*, 61 F.3d 1313, 1319 (7th Cir.1995). When state intermediate appellate courts do split on an issue, "a federal court in a diversity case is not bound to follow either." *Welge v. Planters Lifesavers Co.*, 17 F.3d 209, 213 (7th Cir.1994). The Court finds that the Indiana Supreme Court would not follow *Williamson*

or *Morris* were it presented with the question at issue herein.

The Court reads *Williamson* as prohibiting an insurance company from relying on the defense of material misrepresentation to rescind any insurance coverage—even that above the $25,000/$50,000 level required by the Financial Responsibility Act—when a third party is injured. *Williamson, supra* at 810–11. Courts in some other states have interpreted their financial responsibility statutes in this way. *See Van Horn v. Atlantic Mut. Ins. Co.*, 334 Md. 669, 641 A.2d 195, 207–08 (1994); *Continental W. Ins. Co. v. Clay*, 248 Kan. 889, 811 P.2d 1202 (1991); *Ohio Farmers Ins. Co. v. Michigan Mut. Ins. Co.*, 179 Mich.App. 355, 445 N.W.2d 228, 232 (1989); *Allstate Ins. Co. v. Sullam*, 76 Misc.2d 87, 349 N.Y.S.2d 550, 567–68 (N.Y.Sup.1973). Indiana's Financial Responsibility Act, however, "attempts to assure no more than the availability of the amount required by Ind.Code § 9–2–1–15 [now § 9–25–4–5]." *Safeco Ins. Co. of America v. State Farm Mut. Auto. Ins. Co.*, 555 N.E.2d 523, 524–25 (Ind.App.1990). Thus, the Court finds that the Indiana Supreme Court would hold, unlike *Williamson*, that an insurer whose insured obtained their policy by fraud is liable to an injured third party for the amount required by the Financial Responsibility Act, but that under freedom of contract an insurer can raise the defense of material misrepresentation as to insurance over and above that amount. *See Odum v. Nationwide Mut. Ins. Co.*, 101 N.C.App. 627, 401 S.E.2d 87, 91–92 (1991).

■ *Morris* holds that an insurer can on the ground of fraud or misrepresentation retrospectively avoid all coverage so as to escape liability to a third party in the circumstance that the third party has uninsured motorist coverage. *Morris, supra* at 863–64. The Court finds that the Indiana Supreme Court would not follow *Morris* either. Indiana's public policy, as expressed by the Financial Responsibility Act, is that auto accident victims' primary means of recovery be from liability insurance. *Hastings Mut. Ins. Co. v. Webb*, 659 N.E.2d 1049, 1052 (Ind.App. 1995). However, by shifting liability to the uninsured coverer, *Morris* ignores this public

policy. Further, "the availability of alternate compensation, such as from uninsured motorist coverage ..., furnishes no reason for permitting rescission *ab initio*." *Van Horn v. Atlantic Mut. Ins. Co.*, 334 Md. 669, 641 A.2d 195, 207 n. 9 (1994); *accord, Continental Western Ins. Co. v. Clay*, 248 Kan. 889, 811 P.2d 1202, 1207–08 (1991); *American Mut. Ins. Co. v. Commercial U. Ins. Co.*, 116 N.H. 210, 357 A.2d 873, 876–77 (1976); *Teeter v. Allstate Ins. Co.*, 9 A.D.2d 176, 192 N.Y.S.2d 610, 618–19 (1959), *aff'd* 9 N.Y.2d 655, 212 N.Y.S.2d 71, 173 N.E.2d 47 (1961). Thus, the Court finds that the Indiana Supreme Court would not follow *Morris,* and State Farm's argument that *Morris* does not apply because Pekin reformed rather than rescinded the Browns' insurance coverage is therefore moot.

Accordingly, the Court finds that the Indiana Supreme Court would hold that when a third party is injured by an insured who gained their policy by fraud, an insurer may assert the common law defense of material misrepresentation so as to avoid coverage in excess of the levels required by Indiana's Financial Responsibility Law, but that an insurer may not avoid coverage up to that amount in any circumstance, even when the injured third party has uninsured motorist coverage.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Summary Judgment is GRANTED.

### *JUDGMENT*

This action came before the Court on Plaintiff's Motion for Summary Judgment, and the Court having granted Plaintiff's Motion for Summary Judgment,

IT IS ORDERED AND ADJUDGED that the plaintiff Pekin Insurance Company is entitled to a declaratory judgement that it is only obligated to provide liability coverage for the Browns or to parties asserting claims against them, including Defendant Connie S. Super, individually and as Executrix of the Estate or Raymond L. Super, Deceased and Intervenor, State Farm Mutual Automobile Insurance Company, in the amount of $25,-

000 per person and $50,000 per occurrence, the amount required by the Indiana Financial Responsibility Act, Ind.Code § 9–25–4–1 *et seq.*