## SUELZER v. CARPENTER.

[No. 22,485. Filed January 5, 1915. Rehearing denied March 10, 1915.]

1. MASTER AND SERVANT.—*Injuries to Servant.—Complaint.*—A complaint for injuries to a workman by the fall of green concrete that was being laid between I-beams on the third floor of a building, and charging negligence in the employer's failure to place a proper support for such concrete, was not demurrable for failing to allege whether at the time of the fall plaintiff was standing on an I-beam, on the concrete, or on a board across the beams, or why he fell as a result of the falling of the concrete, but the defect was properly the subject of a motion to make specific. p. 27.

2. MASTER AND SERVANT.—*Injuries to Servant.—Contributory Negligence.—Complaint.*—A complaint for injuries to a workman alleging that plaintiff was ordered to place concrete upon an iron mesh between two I-beams and that because of the weakness of the mesh it gave way and fell when loaded with the concrete, thus causing plaintiff to fall and be injured, and averring that plaintiff was wholly without experience in such work and did

not know that it was dangerous to load the supporting mesh as directed, is not open to the objection that it showed plaintiff was guilty of contributory negligence.  p. 27.

3.  MASTER AND SERVANT.—*Injuries to Servant.—Complaint.*—Where a complaint for injuries to a workman, who was precipitated from the third floor of a building by the fall of green concrete that he was laying upon an unsupported mesh suspended between I-beams, was sufficient to repel a demurrer without regard to allegations as to lack of proper support for the mesh, the objection that plaintiff failed to allege that it was possible or practicable to construct such support was not available.  p. 28.

4.  MASTER AND SERVANT.—*Injuries to Servant.—Building Construction.—Statutes.—Proximate Cause.*—The act of March 6, 1911 (Acts 1911 p. 597, §§3862a-3862e Burns 1914), was designed to impose on those engaged in the construction of buildings, etc., other and greater than common-law duties in relation to the safety of employes, hence, under §2 of the act (§3862b Burns 1914) requiring flooring, staging or protection to be laid on the second story beams before proceeding with construction work on the third story of a building, etc., a complaint alleging that no flooring or protection had been placed on the beams of the second story of a building, and that plaintiff, while laying concrete on an unsupported mesh suspended between I-beams on the third story, was precipitated by the falling of the concrete, and fell to the first floor, is not objectionable on the theory that the failure to floor the second story was not the proximate cause of the injury, and that such floor would not have prevented the fall of the concrete and the consequent injury.  p. 28.

5.  MASTER AND SERVANT.—*Injuries to Servant.—Violation of Statutory Duty.—Assumption of Risk.*—A servant can not be charged with the assumption of risk occasioned by the master's failure to perform a statutory duty.  p. 29.

6.  MASTER AND SERVANT.—*Injuries to Servant.—Trial.—Instructions.*—In an action for injuries sustained by an employe who was precipitated from the third story of a building while engaged, in accordance with defendant's direction, in laying concrete on an unsupported mesh suspended between two I-beams, an instruction that if plaintiff was directed to do the work in a particular way and was without any discretion as to the manner of doing it, he was warranted in relying on the superior knowledge and experience of the master, unless the defect in the mesh, if any, or the danger of the method, if any, of placing the concrete, was so extreme as to make the danger apparent to him, and that under such circumstances he did not assume the risk of a danger of whch he had no knowledge, was not harmful to defendant, in view of evidence showing that plaintiff was

inexperienced and that defendant knew that there was danger of the concrete falling when placed according to his direction. p. 29.

7. APPEAL.—*Review.*—*Harmless Error.*—*Admission of Evidence.*—*Instructions.*—Alleged error in the admission of evidence is not cause for reversal where it appears that the error, if any, was cured by an instruction given at appellant's request. p. 30.

8. DAMAGES. — *Excessive Damages.* — *Personal Injuries.* — Where plaintiff in a personal injury case, was twenty-four years of age at the time of the injury, with an earning capacity of about thirty-five cents per hour, and it was shown that he sustained a fracture of both bones of the right leg just above the ankle and an oblique fracture of his right femur, making necessary the removal of a piece of bone about two inches long, that he sustained a dislocation of the elbow, had a number of ribs broken and sustained internal injuries, etc., that he had to undergo surgical operations and remained in the hospital many months, that he still suffers pain and is deformed and crippled for life, etc., a verdict for $10,000 can not be set aside as excessive. p. 30.

9. DAMAGES.—*Personal Injuries.*—*Surgical Care.*—Where a person, injured by the negligence of another so as to require surgical aid, exercises ordinary care in the selection of a surgeon, such surgeon's unskilful treatment, causing aggravation of the injury, will not of itself preclude recovery of damages from the original tortfeasor for the aggravated injury, since the risks incident to such service are incurred through the latter's fault, and such aggravation will be deemed the proximate result of his negligence. p. 31.

10. MASTER AND SERVANT.—*Injuries to Servant.*—*Contributory Negligence.*—In an action for injuries to a workman who was precipitated from the third story of a building by the falling of concrete that he was laying on an unsupported mesh suspended between I-beams, where the testimony of plaintiff showed that immediately before the accident he was standing on the I-beam on the east end of the section being filled with concrete, with his body leaning slightly to the west, and was tamping the concrete at a point about eighteen inches west of the place where he was standing, and that while in such act the section of concrete suddenly dropped, causing him to lose his balance and fall, the verdict for plaintiff was conclusive against the objection that the evidence showed him guilty of contributory negligence on the theory that if he had stood carefully on the I-beams, or on a plank across them, he would not have fallen. p. 32.

From Allen Circuit Court; *Edward O'Rourke,* Special Judge.

Action by William F. Carpenter against John Suelzer, Sr.

From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Walter Olds,* for appellant.

*Harper & Eggeman, Wilbur G. Carpenter* and *Thomas & Townsend,* for appellee.

MORRIS, J.—Action by appellee against appellant for damages for personal injuries. The complaint was originally in three paragraphs, the first of which was dismissed. The second alleges that appellant was a contractor engaged in erecting a three story building, and in the work employed one Galmeier as foreman, and appellee and others, as common laborers; that steel I-beams, to support the floors of the second and third stories had been placed in position; that the I-beams were eight inches high, ten feet long, and placed five feet apart; that it was intended to fill the space between the third floor beams with concrete, resting on a thin iron arch-shaped mesh, or reinforcement, laid on the lower flanges of the I-beams; that it was designed to place the concrete so that its top would be on a level with the top of the I-beams, which would make it eight inches deep at the I-beams and three inches deep in the center, at the top of the arched mesh; that to properly and safely place the cement in place it was necessary to spread the concrete on the reinforcement to the depth of one inch only, and let it harden before completing the filling of the space; that the mesh or reinforcement would not support the weight of the green concrete if all were placed at one time; that no support, except as aforesaid, was provided for the mesh; that all of said facts were known to appellant and that the weakness of the reinforcement was unknown to appellee; that appellee, was ordered by the foreman to spread concrete one inch deep over one of the arched meshes located on the third floor, and appellee obeyed the order and commenced the work as directed by the foreman; that thereupon appellant, in person, negligently ordered appellee to at once fill the entire space between the

beams with concrete to a height level with the tops thereof, without waiting for the inch layer to harden; that the latter order was obeyed by appellee, and the space was filled with wet cement, and appellee, pursuant to appellant's order given in person, was tamping the same lightly with a wooden tamper when the concrete suddenly fell, carrying with it the supporting mesh, and thereby caused the appellee to fall to the ground floor, a distance of thirty-five feet, resulting in serious and permanent bodily injury to him; that no supports were provided to prevent the fall of the concrete, should the arched mesh be overloaded; that appellant knew that in placing the concrete as ordered by him in person, it was likely to fall, and thereby precipitate appellee to the ground floor; that appellee was entirely unacquainted with such work and had no knowledge of the danger in carrying it out pursuant to appellant's said order, but that notwithstanding appellant negligently ordered him to do the work in the above described manner; that appellee was free of any negligence which contributed to his injury.

The court overruled a demurrer to the paragraph and this ruling is assigned as error. It is contended that the paragraph is defective because it fails to aver whether, at

1. the time of the fall, appellee was standing on an I-beam, on the concrete, or on a board across the beams, or why appellee fell as a result of the falling of the concrete. The paragraph is not defective for the reasons stated. A motion to make more specific, rather than a demurrer for want of facts, would have supplied the appropriate remedy for the indefiniteness pointed out. It

2. is further contended that the complaint shows that appellee was guilty of contributory negligence because the iron mesh support for the concrete was in full view of appellee, and if it was not strong enough to support the load of concrete which appellant, in person, ordered placed thereon, the danger was obvious to appellee. The paragraph of complaint is long, and we have set out only its substance,

but it contains direct allegations that appellee was wholly without experience in work of the character under consideration, and did not know that it was dangerous to load the supporting mesh as directed. We are of the opinion that the paragraph of complaint does not show appellee guilty of contributory negligence. *Greenawaldt* v. *Lake Shore, etc., R. Co.* (1905), 165 Ind. 219, 74 N. E. 1081.

Appellant claims further that the paragraph, while alleging that no support was provided to prevent the fall of the concrete in case the iron mesh gave way, is insufficient because it fails to allege that it was possible or practicable to construct such support. Should it be conceded that the practicability of such support is not obvious under the averments, the fact remains that the paragraph is sufficient to repel a demurrer if all allegations relating to lack of support be disregarded.

The accident occurred after the taking effect of the act of March 6, 1911. Acts 1911 p. 597, §§3862a-3862e Burns 1914. Section 2 of this statute (§3862b Burns 1914, Acts 1911 p. 597) requires flooring, staging or protection to be laid on the second story beams before proceeding with construction work on the third story of a three story building. The third paragraph of complaint alleges substantially the same facts averred in the second, and in addition alleges that at the time of the injury no flooring, staging or protection was laid or placed on the second story beams, which were five feet apart; that it was practicable to place a temporary flooring on such beams; that it was thirty-five feet from the first to the third floor; that when the concrete fell it carried appellee with it between the second story beams to the first floor, the impact with which caused appellee's injuries. It is contended that this paragraph is defective because, from the facts alleged, the failure to floor the second story was not the proximate cause of the injury; that the flooring would not have prevented the fall of the concrete from the third to the second story, and appellee's

injuries might have been just as serious in such fall as in the one to the first floor. We can not assent to such view of the law. The statute in question was intended to impose on those engaged in constructing buildings, three or more stories in height, other and greater than common-law duties in relation to the safety of employes. *Leet* v. *Block* (1914), 182 Ind. 271, 106 N. E. 373. While it is true that appellee might have been seriously injured in a one story fall, it is equally true that he might have sustained thereby no substantial injury. Because of appellant's neglect of a statutory duty appellee fell from the third to the first floor and sustained serious injury. Whether he might have been injured notwithstanding, had appellant performed such duty, involves a question of mere speculation. There was no error in overruling appellant's demurrer to the third paragraph.

The cause was tried by a jury resulting in a verdict for appellee for $13,000. Appellant moved for a new trial, on the ground, among others, that the damages were excessive. At the suggestion of the trial court, appellee entered a remittitur as to $3,000 of the damages awarded, and thereupon the court overruled the motion for a new trial and rendered judgment against appellant for $10,000.

Complaint is made of instruction No. 4 given to the jury. It was applicable to the third paragraph of complaint, and informed the jury that the appellee did not assume

5. the risk incident to working on the third floor without a floor on the second story though he knew of the latter's absence. We have already held the third paragraph of the complaint sufficient. A servant can not be charged with assumption of the risk of the master's failure to perform a statutory duty. *Davis Coal Co.* v. *Polland* (1902), 158 Ind. 607, 62 N. E. 492, 92 Am. St. 319. Instruction No. 3

6. told the jury in substance that if appellant directed appellee to put the concrete on the reinforcement in a particular way, not leaving him any discretion as to the manner of doing the work, the appellee was warranted in

relying on the superior knowledge and experience of the master unless the defect in the reinforcement, if any, or the danger of the method, if any, in placing the concrete, was so extreme as to make the danger apparent to appellee; that under such circumstances appellee did not assume the risk of a danger of which he had no knowledge. Appellee testified that he had no former experience in such work and knew nothing about the load carrying capacity of the reinforcement. Appellant claims the instruction was harmful because, under the evidence the danger was obvious to appellee. There was evidence that appellant knew that there was danger of the concrete falling when placed according to his direction. Indeed, appellant's foreman testified that the only reason supports were not placed underneath the reinforcement was that the architect and owner of the building "were crowding me too much". Appellant was not harmed by the instruction. Instruction No. 2 was similar to No. 3. Its giving did not constitute reversible error.

On appellant's cross-examination the following question was asked: "Didn't you say to Galmeier in the presence of Frank Logan about two days after the accident:

7. 'Well, we will now put studding and supports under the reinforcement so that it will be strong enough to hold the concrete?'" Over his objection, he was required to answer. The answer was as follows: "Yes sir." Error is claimed on the court's ruling. Appellee says that a consideration of the other evidence given by the witness must lead to the conclusion that the trial court did not err in its ruling. We deem it unnecessary to examine such other evidence, for the reason that if it be conceded that the court erred we must hold the error cured by instruction No. 18 given at appellant's request.

It is claimed that a consideration of the evidence must lead to the conclusion that the damages adjudged are

8. excessive. The record shows that at the time of the accident appellee was twenty-four years of age, and

had an earning capacity of about thirty-five cents per hour; that he sustained a fracture of both bones of the right leg just above the ankle and an oblique fracture of his right femur, and, at the point of fracture a piece of bone about two inches long was broken off and had to be removed; that he sustained a dislocation of the elbow, had a number of ribs broken and sustained internal injuries that caused him to vomit blood for several days after the accident; that one of his knee joints was seriously injured; that he was taken to a hospital and was compelled to submit to surgical operations, and was obliged to remain there from September 18, 1911, to March 21, 1912; that for months, while in the hospital, it was necessary to administer opiates in heavy doses, to allay pain; that he is crippled for life; that his right leg is two and three-fourths inches shorter than his left, and is crooked; that he has only partial motion of the right knee; that he yet suffers great pain because of the injuries, and is unable to work at his regular trade—that of a painter, and is unable to work at manual labor long at a time without suffering. We can not say that damages of $10,000 are excessive.

9. Appellant contends, however, that he should not be held liable for all the damages that appellee sustained, because, as claimed, appellee's injuries were greatly aggravated because of unskilful treatment by his surgeon; that for such aggravation appellant is not liable. The court permitted appellant to introduce evidence to show lack of surgical skill in treating the femur fracture. It appears that appellee's surgeon made an incision in the thigh and bound together with wire the broken ends of the bone to prevent slipping. Some of appellant's witnesses, surgeons, testified that better results would have followed if finishing nails and screws had been used in fastening together the broken bones. There was no evidence whatever to show any negligence on appellee's part in the employment of his surgeon, who was regularly licensed and a person of experience in his profession. At appellant's request the court instructed the jury

that appellee could not recover for aggravation of injuries caused from unskilful treatment by his surgeon. It is undoubtedly true that one suffering a bodily injury by reason of another's negligence must use ordinary diligence and care in securing surgical aid, and failing in such duty, can not recover for ailments or diseases caused by such neglect. *Louisville, etc., R. Co.* v. *Falvey* (1886), 104 Ind. 409, 424, 3 N. E. 389, 4 N. E. 908. But where ordinary care has been exercised in selecting a surgeon the latter's unskilful treatment causing aggravation of the injury will not alone preclude a recovery by the plaintiff from the tortfeasor of damages for the aggravated as well as the original injury. 13 Cyc. 77; *Hunt* v. *Boston Terminal Co.* (1912), 212 Mass. 99, 98 N. E. 786; *Fields* v. *Mankato Electric Traction Co.* (1911), 116 Minn. 218, 133 N. W. 577; *Chicago, etc., R. Co.* v. *Saxby* (1914), 213 Ill. 274, 72 N. E. 755, 104 Am. St. 218, 68 L. R. A. 164. Appellant created the necessity for a surgeon's services, and appellee, without negligence, obtained the necessary surgical attendance. The risks incident to such service were incurred because of appellant's fault, and the aggravation of the original injury, if any, by unskilful surgery, must be held the proximate result of appellant's negligence. Nothing in the evidence in relation to unskilful surgery warrants a diminution in the damages assessed.

It is claimed that the evidence shows appellee guilty of contributory negligence because if he had been carefully standing on the I-beams, or on a plank across them, 10. while tamping the concrete, the fall of the latter would not have caused him to fall. Appellee testified that immediately before the accident he was standing on the I-beam on the east end of the section being filled with concrete, with his body leaning slightly to the west; that he was tamping the concrete at a point about eighteen inches west of the place where he was standing, and while reaching out in using the tamper, the section of concrete suddenly dropped, and by reason thereof he lost his balance and fell

with the concrete. Under this evidence, the jury found appellee guiltless of contributory negligence, and we are not warranted in disturbing such finding.

Some other questions, of minor importance, are presented, but we are of the opinion that no reversible error appears in the record. Judgment affirmed.

Note.—Reported in 107 N. E. 467. As to proximate and remote causes for injuries from negligence, see 50 Am. Rep. 569; 36 Am. St. 807. As to what is excessive verdict in action for personal injuries not resulting in death, see 16 Ann. Cas. 8; Ann. Cas. 1913 A 1361. Duty of person injured by negligence of another with reference to securing physician, 19 Ann. Cas. 979. Assumption of risk on failure of employer to perform statutory duty, see 4 Ann. Cas. 599; 13 Ann. Cas. 36; Ann. Cas. 1913 C 210; 6 L. R. A. (N. S.) 981; 19 L. R. A. (N. S.) 646; 22 L. R. A. (N. S.) 634; 33 L. R. A. (N. S.) 646; 42 L. R. A. (N. S.) 1229; 49 L. R. A. (N. S.) 471. On the question as to whether mistreatment by physician affects the liability of the person causing injury, see 17 L. R. A. 34. As to the liability of one causing personal injury as affected by negligence or unskilfulness of attending physician or surgeon, see 48 L. R. A. (N. S.) 116. See, also, under (1) 26 Cyc. 1384; (2) 26 Cyc. 1399; (3) 26 Cyc. 1386; (4) 26 Cyc. 1392; (5) 26 Cyc. 1180; (6) 26 Cyc. 1503; (7) 38 Cyc. 1444; (8) 13 Cyc. 121; (9) 13 Cyc. 77; (10) 26 Cyc. 1513.