**William ROBEY, Appellant (Defendant),**

v.

**STATE of Indiana, Appellee (Plaintiff).**

**No. 2–285–A–34.**

Court of Appeals of Indiana,
Second District.

July 31, 1985.

Nile Stanton, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

BUCHANAN, Chief Judge.

CASE SUMMARY

Defendant-appellant William Robey (Robey) appeals his trial court conviction of official misconduct, a class A misdemeanor,[1] claiming insufficiency of the evidence to establish that he was a public servant

---

1. Ind.Code 35–44–1–2 (1982) [hereinafter cited   as the official misconduct statute].

subject to conviction under the official misconduct statute.

We affirm.

## FACTS

The facts most favorable to the State reveal that on August 28, 1983, Thelma Johnson (Johnson) and Lillie Ford (Ford) entered a Peoples Drug Store in Indianapolis where Robey was employed as a security officer. Robey detained Johnson when she left the store carrying a pair of sunglasses that she had not purchased. Robey offered to forego arrest and prosecution of Johnson if she would pay him fifty dollars cash. Johnson paid Robey forty-nine dollars, and no charges were forthcoming against her.

Robey was charged with bribery, a class C felony,[2] and intimidation, a class A misdemeanor.[3] Robey's trial began January 11, 1984 and was concluded on February 7, 1984. Johnson and Ford testified for the State. Robey took the stand in his own defense and denied the charges.

Robey testified that he was employed by Century Security (Century), a private security firm, and assigned to store security at a Peoples Drug Store. Robey was paid by Century. The parties stipulated that Robey was a Marion County Sheriff's special deputy on the date of the incident; however, Robey testified that he was not required to attain that status for employment with Century.

The trial court found Robey guilty of official misconduct, a lesser included offense of bribery, and intimidation. Robey posted an appeal bond and, after the denial of his belated motion to correct error, this appeal ensued.

## ISSUE

One issue is presented for our consideration:

2. IC 35–44–1–1.

3. IC 35–45–2–1 (1982).

Whether the evidence is sufficient to establish that Robey was a public servant under the official misconduct statute?

## DECISION

PARTIES' CONTENTIONS—Robey contends that he falls outside the legislatively enacted definition of a public servant because he was employed by a private security firm for the benefit of its clientele. The mere fact that he was a special deputy is not enough, he claims, to classify him as a public servant.

The State counters that, as a special deputy, Robey possessed the same powers and duties as any sheriff's deputy and that among those duties is the obligation to arrest persons breaking the law. Therefore, the State reasons, Robey served a public duty and comes within the statutory definition of a public servant.

CONCLUSION—The evidence is sufficient to establish that Robey was a public servant as that term has been defined by our legislature.

Robey seeks to avoid the label of "public servant". If he is a public servant then he may properly be convicted of official misconduct. *Flick v. State* (1983), Ind., 455 N.E.2d 339. Thus, the precise focus of our inquiry is to look at Robey's status as a special deputy. Two statutory pronouncements provide the answer. The first is IC 35–41–1–24 (Supp.1983) which defines a public servant:[4]

> " 'Public servant' means a person who: (1) is authorized to perform an official function on behalf of, and is paid by, a governmental entity; [hereinafter cited as the paid public servant clause] or (2) is elected or appointed to office to discharge a public duty for a governmental entity. [Hereinafter cited as the appointed public servant clause]."

The second statute is IC 36–8–10–10.6 (Supp.1983) which empowers a sheriff to appoint special deputies. It states in part:

4. The definitions of public servant contained in IC 35–41–1–24 are made applicable to the official misconduct statute by IC 35–41–1–3.

*"The sheriff may appoint as a special deputy any person who is employed by a governmental entity as defined in IC 35–41–1 or private employer, the nature of which employment necessitates that the person have the powers of a law enforcement officer. During the term of his appointment and while he is fulfilling the specific responsibilities for which the appointment is made, a special deputy has the powers, privileges, and duties of a county police officer under this chapter, subject to any written limitations and specific requirements imposed by the sheriff and signed by the special deputy. A special deputy is subject to the direction of the sheriff and shall obey the rules and orders of the department. A special deputy may be removed by the sheriff at any time, without notice and without assigning any cause."*

(Emphasis supplied) [hereinafter cited as the special deputy statute].

To determine if a special deputy is a public servant, it is helpful to understand the relationship between the sheriff and a special deputy. The sheriff of a locality "is an elected public officer and is made responsible by common and statutory law as conservator of the peace within his jurisdiction." 25 I.L.E. *Sheriffs and Constables* § 1 (1960) (footnote omitted). The early Indiana cases recognized that the sheriff often required assistance in the execution of his duties, explaining that "[t]he sheriff had power to appoint a person to do a particular act, as, to serve a certain writ, although he may not have been the general deputy, and have taken the oath, etc., as required of such deputy by the statute." *Proctor v. Walker* (1859), 12 Ind. 660, 661; *see also Earle v. Earle* (1883), 91 Ind. 27; *New Albany & S.R.R. Co. v. Grooms* (1857), 9 Ind. 243. This deputy pro hac vice is the so-called special deputy. It is generally recognized that "[a] special deputy appointed by a sheriff is merely an agent of the sheriff...." 1 *W.H. Anderson, A Treatise on the Law of Sheriffs, Coroners, and Constables* § 70 (1941).

The concept of a special deputy appointed for a particular purpose was carried over into present Indiana law. The special deputy is now a creature of statute. In exploring the parameters of the special deputy statute, we are mindful that "[w]here the meaning of a phrase is clear and unambiguous, the words used will be given their plain, ordinary, and unbridled meaning." *Marion County Dep't of Pub. Welfare v. Methodist Hosp.* (1982), Ind. App., 436 N.E.2d 123, 126; *see also Clipp v. Weaver* (1983), Ind., 451 N.E.2d 1092; *Nutt v. State* (1983), Ind.App., 451 N.E.2d 342. The concept of an agent of the sheriff empowered to perform a particular purpose remains in the special deputy statute. That statute allows a sheriff to appoint a special deputy at the sheriff's discretion whether the appointee's actual employer is a public or private entity. The unmistakable intent of the special deputy statute is that the sheriff and only the sheriff appoints and controls *all* special deputies *without distinction as to who is the appointee's employer.* Thus, the relationship between the sheriff and a special deputy parallels that of a principal and an agent.

■ With the exception of any written limitations imposed by the sheriff, the special deputy statute provides that *"[d]uring the term* of his appointment *and while he is fulfilling* the specific responsibilities for which the appointment is made, *a special deputy has the ... duties of a county police officer...."* (Emphasis supplied). The special deputy statute imposes upon all special deputies the *"duties of a county police officer"*, and those duties include: the mandatory duty to arrest persons committing an offense within his sight, the mandatory duty to pursue and jail felons, and the mandatory duty to suppress breaches of the peace within his knowledge. IC 36–8–10–9. A special deputy is merely an agent of the sheriff.

As the parties recognize, Robey does not qualify as a public servant under the paid public servant clause. He was paid by Century, a private security company, and not by any government entity. Because he

was not paid by a governmental entity, Robey was not a public servant under the plain language of the paid public servant clause. *See Flick, supra; Martin v. State* (1981), Ind.App., 419 N.E.2d 256.

■ However, we conclude that Robey, on the basis of his status as a special deputy, is a public servant under the appointed public servant clause. Robey was appointed to his position by the Marion County Sheriff and was charged with a duty to the public to enforce the law. His conviction of official misconduct was appropriate.

The judgment of conviction is affirmed.

SHIELDS, J., and HOFFMAN, J. (sitting by designation), concur.