**Dorothy L. WHITAKER, Appellant (Plaintiff Below),**

v.

**George Timothy KRUSE and Progressive Construction and Engineering Co., Inc., Appellees (Defendants Below).**

No. 4–383A93.

Court of Appeals of Indiana, Fourth District.

July 16, 1986.

Gerald H. McGlone, Richard J. Cronin, Terre Haute, for appellant.

Eric A. Frey, Terre Haute, for appellees.

YOUNG, Presiding Judge.

Dorothy L. Whitaker appeals a jury verdict in favor of George Kruse and Progressive Construction and Engineering Co., Inc. Whitaker raises four issues on appeal. We address only the following issue since it is dispositive:

Was it reversible error for the trial court to give defendants' tendered jury instruction number 4 which states:

I instruct you, members of the jury, that plaintiffs seek recovery for medical expense, care and treatment which they contend was necessitated by the accident of April 4, 1978. In order for plaintiffs to recover for such medical expense, care and treatment, it is incumbent upon them to prove that such medical care and treatment was reasonable and necessary as a direct and proximate result of the injury sustained by plaintiff Dorothy L. Whitaker, on April 4, 1978. If you find that any or all of the medical expense, care and treatment for which plaintiffs seek compensation was not reasonable or necessary as a result of the collision in this case, then I instruct you that you may not award damages for any medical expense, care and treatment which was unreasonable or unnecessary.

We conclude it was error and reverse and remand for a new trial.

Whitaker was a passenger in a vehicle that was rear-ended by a truck driven by Kruse. Shortly after the accident, Whitaker became ill and began experiencing pain in her back, neck and head. She was taken to a hospital emergency room, treated and advised to see a bone specialist.

Whitaker was subsequently treated by two physicians. The first was an orthopedic surgeon who attempted to alleviate Whitaker's pain through conservative treatment. When this failed, he recommended that Whitaker see a neurosurgeon. Based on diagnostic testing and Whitaker's continuing clinical symptoms, neck surgery

was performed and a damaged disc removed. Although Whitaker continued to experience pain in her neck and head, it was not as severe as before the surgery, and other problems, such as numbness in her left arm and muscle spasms, ceased.

Whitaker, however, continued to suffer back pain which became progressively worse. Again conservative treatment was tried without relief for the patient. Following additional diagnostic testing, it was determined that Whitaker had a herniated disc. Back surgery was performed and a degenerated disc removed. Following surgery, Whitaker continued to suffer pain in her hip and leg. Finally, a second back surgery was performed and another herniated disc removed. Whitaker continued to suffer some pain in her right hip and leg but was able to stop taking pain medication and begin doing some housework.

At trial, Kruse and Progressive admitted negligence but denied that Whitaker was entitled to recover for both the original injuries and any aggravation of those injuries that resulted from medical care. They did not argue that Whitaker improperly sought medical care or unreasonably chose her physicians. Rather, they argued that the operations were not necessary and only exacerbated Whitaker's injuries. The case was submitted to the jury and a verdict returned for Kruse and Progressive. Whitaker appeals on the basis that the jury was improperly instructed as to the applicable law.

 A jury instruction which misstates the law will serve as grounds for reversal where the jury's verdict could have been based on the erroneous instruction. In determining whether the jury was misled, we examine the evidence and record to see if a different verdict could have been reached with a proper instruction. We will assume that the erroneous instruction influenced the jury verdict unless our review of the record indicates that the verdict could not have differed even with a proper instruction. *Zimmerman v. Moore* (1982), Ind.App., 441 N.E.2d 690, 693.

The basic rule of liability for harm resulting from the treatment of injuries caused by an actor's negligent conduct is stated in Restatement (Second) of Torts § 457 (1965):

> If the negligent actor is liable for another's bodily injury, he is also subject to liability for any additional bodily harm resulting from normal efforts of third persons in rendering aid which the other's injury reasonably requires, irrespective of whether such acts are done in a proper or a negligent manner.

The Indiana Supreme Court has adopted this general rule stating:

> It is undoubtedly true that one suffering a bodily injury by reason of another's negligence must use ordinary diligence and care in securing surgical aid, and, failing in such duty, cannot recover for ailments or diseases caused by such neglect ... But, where ordinary care has been exercised in selecting a surgeon, the latter's unskillful treatment causing aggravation of the injury will not alone preclude a recovery by the plaintiff from the tort-feasor of damages for the aggravated as well as the original injury ... [The tort-feasor] created the necessity for a surgeon's services, and [the injured party], without negligence, obtained the necessary surgical attendance. The risks incident to such service were incurred because of [the tort-feasor's] fault, and the aggravation of the original injury, if any, by unskillful surgery, must be held the proximate result of [the tort-feasor's] negligence.

*Suelzer v. Carpenter* (1915), 183 Ind. 23, 107 N.E. 467, 470–471. *See also City of Goshen v. England* (1889), 119 Ind. 368, 21 N.E. 977, 979; *Joseph E. Seagram and Sons, Inc. v. Willis* (1980), Ind.App., 401 N.E.2d 87, 89–92 (when a workmen's compensation claimant's conduct in seeking private treatment and in choosing a doctor are found reasonable under the circumstances, any added disability or death resulting from the private treatment is compensable).

 The rationale for permitting recovery under this rule is that the tort-feasor

created the necessity for medical care in the first instance. So long as the individual seeking medical care makes a reasonable choice of physicians, he is entitled to recover for all damages resulting from any aggravation of his original injury caused by a physician's misdiagnosis or mistreatment. *See Suelzer v. Carpenter, supra*, 107 N.E. at 471. Recovery is permitted when the services rendered by the physician increase the harm or even cause a harm which is entirely different from the original injury. Recovery is also permitted whether the aggravated injuries are caused by a misdiagnosis of the injury and a subsequent unnecessary operation or by a proper diagnosis and a negligently performed necessary operation. Restatement (Second) of Torts § 457, comment a, illustration 1. Liability is imposed because it is reasonably foreseeable that medical care providers are human and capable of making mistakes. If the tort-feasor knows that his negligence may result in harm sufficiently severe to require medical treatment, he should also recognize the risk involved in submitting to medical treatment. Since he put the injured party in the position of needing medical services, the tort-feasor is responsible for any additional injury resulting from the medical treatment. *See* Restatement (Second) of Torts § 457, comment b.

■ Indiana also follows the general rule that a plaintiff's recovery for damages may be reduced if he fails to obey his physician's instructions and thereby exacerbates or aggravates his injury. *See Oliver v. Morrison* (1982), Ind.App., 431 N.E.2d 140; *Standard Oil Company v. Bowker* (1894), 141 Ind. 12, 40 N.E. 128. If this court were to adopt the position that an injured party could not recover for aggravated injuries caused by a physician's misdiagnosis and performance of an arguably unnecessary operation, the injured party would be placed in the unenviable position of second-guessing his physicians in order to determine whether the doctor properly diagnosed the injury and chose the correct treatment. This court will not place innocent parties who have been injured by another's negligence in such a position. Not

only would the injured party be forced to second-guess his physician, he would be caught in a vice which offers no correct choice of action. On the one hand, his damages could be reduced if he submitted to the physician's treatment and it was later argued that the physician chose a course of action that was inappropriate and unnecessary. On the other hand, if the patient refused to follow the physician's advice, the tort-feasor could argue that the injured party's damages should be reduced because he failed to follow his physician's instructions. Thus, the injured party is placed in a no win situation.

■ Other courts have applied the rule that the injured party is entitled to recover from the original wrongdoer for aggravated injuries caused by either a physician's improper diagnosis and performance of an unnecessary operation or proper diagnosis and performance of a necessary operation in a negligent manner. *See Carter v. Shirley* (1986), 21 Mass.App. 503, 488 N.E.2d 16, 20; *Deutsch v. Shein* (1980), Ky., 597 S.W.2d 141, 143–145; *Lindquist v. Dengel* (1979), 92 Wash.2d 257, 595 P.2d 934, 936–937. *See also Callihan v. Burlington Northern, Inc.* (1982), 201 Mont. 350, 654 P.2d 972; *Kolakowski v. Voris* (1981), 94 Ill.App.3d 404, 50 Ill.Dec. 9, 418 N.E.2d 1003. We recognize that some jurisdictions have not adopted this approach and permit the original tort-feasor to contest the propriety of the doctor's diagnosis and treatment when assessing damages. *See Boehmer v. Boggiano* (1967), Mo., 412 S.W.2d 103, 107–110. However, we specifically reject this line of authority because of the hardship it imposes on the injured party. We hold that an injured party may recover for injuries caused by the original tort-feasor's negligent conduct and for any aggravation of those injuries caused by a physician's improper diagnosis and unnecessary treatment or proper diagnosis and negligent treatment. In order to recover under this rule, the plaintiff need only show he exercised reasonable care in choosing the physician.

In the present case, Kruse and Progressive admitted liability for the accident giving rise to this action. The evidence was undisputed that Whitaker had suffered some injury to her neck and back as a result of the accident, although the extent of that injury was disputed. The only issue raised by Kruse and Progressive through their expert witnesses was whether Whitaker's physicians had chosen the correct course of action in treating her neck and back injuries. Kruse and Progressive's expert witnesses did not dispute that Whitaker had suffered back and neck injuries from the automobile accident or that Whitaker had selected qualified physicians to treat her injuries. There was no evidence that the course of treatment chosen by the physicians was experimental; rather it was merely alleged that given the options available, Kruse and Progressive's expert witnesses would have elected to continue conservative treatments rather than perform surgery.

There was no evidence that Whitaker's initial decision to seek medical care was inappropriate or unnecessary. Rather, she took actions to have her injuries treated and followed her physicians' advice. Kruse and Progressive's jury instruction, which was given by the trial court, instructed the jury that Whitaker could not recover for her injuries if the evidence indicated that the operation performed was unnecessary or, in essence, that Whitaker's physicians had misdiagnosed and mistreated her injuries. This instruction is clearly erroneous and necessitates the reversal of this action. Given the admission of negligence and the undisputed evidence that Whitaker suffered back and neck injuries in the accident for which she properly sought treatment, it was clear that Whitaker had suffered some damages for which she was entitled to recover.

It was foreseeable that the rear-end collision could cause injury to passengers in the impacted vehicle. It was also foreseeable that the victim would have to seek medical treatment and that her physicians might misdiagnose and mistreat or properly diagnose and negligently treat her injuries. Under these circumstances:

> The blameless tort victim should not bear the expense of litigating with his doctor and should certainly not bear the risk of having to pay the tort-caused charges the tort-feasor escapes, since neither item is attributable to the victim's fault.

*Hillebrandt v. Holsum Bakeries, Inc.* (1972), La.Ct.App., 267 So.2d 608, 610.

Because the trial court gave an instruction to the jury which was clearly a misstatement of the law, and a review of the evidence indicates that the verdict could certainly have differed if correct instructions were given, we reverse and remand this action to the trial court for a new trial on the damages issue.

Reversed and remanded.

MILLER and CONOVER, JJ., concur.