### Dorothy Sue FORBES, Appellant/Plaintiff,

v.

### WALGREEN CO., an Illinois corporation; Walgreen Southgate Corp., an Indiana corporation; Walgreen Woodmar Corp., an Indiana corporation; Walgreen Drug Stores; and Donald Wilkins, Appellees/Defendants.

### No. 64A04–8912–CV–581 [1].

Court of Appeals of Indiana, Fifth District.

Feb. 14, 1991.

Steven W. Handlon, Portage, for appellant/plaintiff.

Larry G. Evans, Judith L. Garner, Valparaiso, for appellees/defendants.

BARTEAU, Judge.

Dorothy Forbes sued Walgreen's pharmacy and its employee pharmacist Donald Wilkins for compensatory and punitive damages because they filled her prescription with the wrong medicine. At jury trial, after Forbes rested her case, the court granted Walgreen's motion for judgment on the evidence as to punitive dam-

---

**1.** This case was reassigned to this office on January 2, 1991.

ages. The jury found damages of $20,000, then attributed 25% fault to Forbes and accordingly reduced its award to $15,000. Forbes appeals from that verdict. We reverse.

The issues presented for our review are whether the trial judge erred by:

1. sustaining an objection to Forbes' questioning the venire about punitive damages;

2. sustaining an objection to Forbes' questioning Wilkins about how the mistake happened;

3. granting Walgreen's motion for judgment on the evidence as to punitive damages;

4. prohibiting Forbes from impeaching Walgreen's expert witness with his deposition; and,

5. instructing the jury incorrectly on damages.

We hold that the trial court committed reversible error in instructing the jury. Because we reverse and remand for a new trial, we find it unnecessary to address the other issues. They may be recast during retrial; accordingly, further appellate review must be deferred.

## FACTS

On June 6, 1986 Forbes, who suffers recurrent, disabling migraine headaches, took her legible prescription for Cafergot, a drug that forestalls migraine, to Walgreen's pharmacy in Hobart. Wilkins mistakenly dispensed Carafate, used in treating stomach ulcers. The vial Wilkins gave to Forbes had a pharmacy label identifying the contents as Carafate, but with dosage instructions for Cafergot. Forbes testified that she never noticed "Carafate" on the label because she emptied the vial into a pill caddy in which she carried an array of medications. She did notice that the new tablets differed in size, shape, and color from previous Cafergot pills, but she assumed that the manufacturer had altered the product.

Carafate itself caused Forbes no trouble, but unlike Cafergot it was completely ineffective at preventing migraines. Thus, Forbes endured painful headaches, many of which would have been aborted if she had been taking Cafergot. The prescription was refilled in August, 1986—again incorrectly. The mistake surfaced in November, 1986 when a pharmacist at Walgreen's in Merrillville noticed the dosage instructions did not comport with Carafate and checked the original prescription slip from Forbes' doctor.

## DISCUSSION

Forbes assigns error to three jury instructions: two given to the jury, and one the court refused to give. We hold that the latter was properly refused, but that it was reversible error to give the former.

The first contested instruction was tendered by Walgreen's as Defendant's # 2:

If you find that, at some point, the plaintiff knew or should have known that incorrect medication was dispensed to her, then you are instructed that she may not receive any damages from that point forward.

(R. 790).

The second challenged instruction, tendered by Forbes as Plaintiff's # 1, was modified by the court. Forbes' tender instructed the jury:

In determining the amount of money which will fairly compensate Ms. Forbes, you may consider: 1. the nature and extent of Ms. Forbes' migraines, from the period of June 6, 1986 through November 11, 1986.....

(R. 785).

The court added:

or [until] Plaintiff in fact knew of the mistake, or through the exercise of reasonable care should have known.

(*Id.*).

Forbes contends that both instructions misstate the law. We agree. These instructions recall Indiana's former law of contributory negligence as a complete bar to plaintiff's recovery and are inconsistent with the current law of comparative fault. Under our comparative fault statute, a plaintiff's contributory negligence diminishes recovery by a percentage equal to the

plaintiff's fault.[2] However, a plaintiff whose contributory fault exceeds 50% of the total fault cannot recover.[3] The statute also sets forth a format for instructing the jury. The court must instruct the jury to first allocate 100% of fault among the plaintiff, the defendant(s) and any non-parties, then to return a verdict for the defendant(s) if the plaintiff's fault exceeds 50%.[4] If the plaintiff's fault does not exceed 50%, then the jury must make its award as follows:

> (3) If the percentage of fault of the claimant is not greater than fifty percent (50%) of the total fault, the jury then shall determine the total amount of damages the claimant would be entitled to recover **if contributory fault were disregarded.**
>
> (4) The jury next shall multiply the percentage of fault of the defendant by the amount of damages determined under subdivision (3) and shall then enter a verdict for the claimant in the amount of the product of that multiplication.

Ind.Code 34–4–33–5(a)(3)–(4) (emphasis added).

Curiously, the trial judge also gave the jury an instruction, tendered by Walgreen's as Defendant's # 8, that paraphrases the comparative fault statute, though with a defendant's bias:

> If you find that the plaintiff is guilty of negligence it then becomes your duty to assess the percentage of plaintiff's fault as it pertains to such negligence. In the event that the plaintiff's percent of negligence is less than 50% then you should

return your verdict relative to the percentage of fault charged to the plaintiff. In the event that the plaintiff's percent of negligence is in excess of 50% of the total fault of this case, then you should return a verdict for the defendant. (R. 795).[5]

■ "A jury instruction which misstates the law will serve as grounds for reversal where the jury's verdict could have been based on the erroneous instruction." *Whitaker v. Kruse* (1986), Ind.App., 495 N.E.2d 223, 225. Similarly, "[a]s to instructions, no reversible error exists where the jury has not been misled and an examination of the record shows the verdict under proper instructions could not have been different." *Campbell v. City of Mishawaka* (1981), Ind.App., 422 N.E.2d 334, 338, *trans. denied.* The instructions that Forbes could not recover damages for any time after she knew or should have known of Walgreen's mistake collide head-on with the statute. *See* I.C. 34–4–33–5(a)(3). Thus, our task is to examine the record to determine whether deleting the defective instruction would have produced the same result.

Although there is case law that the plaintiff carries a burden of demonstrating that the incorrect instruction influenced the result, *see, e.g. Chrysler Corp. v. Alumbaugh* (1976), 168 Ind.App. 363, 342 N.E.2d 908, *trans. denied; Indiana State Highway Comm'n v. Vanderbur* (1982), Ind. App., 432 N.E.2d 418, *trans. denied,* the idea is by no means universally accepted. Some courts will presume prejudice from

---

**2.** Ind.Code 34–4–33–3
  Effect of contributory fault
  Sec. 3. In an action based on fault, any contributory fault chargeable to the claimant diminishes proportionately the amount awarded as compensatory damages for an injury attributable to the claimant's contributory fault, but does not bar recovery except as provided in section 4 of this chapter.

**3.** I.C. 34–4–33–4
  Barring of recovery; degree of contributory fault
  Sec. 4 (a) In an action based on fault ... the claimant is barred from recovery if his contributory fault is greater than the fault of all persons whose fault proximately contributed to the claimant's damages.

**4.** I.C. 34–4–33–5(a)(1)–(2). This method is not mandatory, because the statute provides that the parties may agree otherwise. Here, the plaintiff objected to the instructions given. Lacking agreement, the court must follow the statutory procedure.

**5.** To be entirely correct, the instruction should have explained that a plaintiff can recover not only if her fault is less than 50%, but also if her fault equals 50%, in which case she may recover half of her damages. *See* I.C. 34–4–33–5(a)(3); Easterday & Easterday, *The Indiana Comparative Fault Act: How Does It Compare With Other Jurisdictions?,* 17 Ind.L.Rev. 883, 888 (1984).

an erroneous jury instruction unless the record indicates otherwise. *See New York Cent. R.R. v. Knoll* (1965), 140 Ind.App. 264, 204 N.E.2d 220, *trans. denied; Whitaker, supra.*

■ In this case, we prefer the latter approach because it would be inappropriate to require Forbes to show an altered outcome but for the faulty instructions. Forbes' evidence went only to prove that she suffered frequent, painful and disabling headaches from June through November, 1986 and that Cafergot would have forestalled most of them. Her cause sought redress solely for her pain; there was no claim for readily quantifiable damages like lost wages or medical expenses. Thus, to show harm Forbes would merely substitute her estimate of fair compensation for that of the jury.

Walgreen's argues that the judgment should stand even if the jury instructions were defective, because the jury's verdict forms and the size of the award indicate that the jury was not misled and that the verdict would not have differed given correct instructions. The forms show that the jury first evaluated total damages, then attributed fault and reduced its award commensurately. This apparent compliance with the comparative fault statute shows that the jury was not misled, contends Walgreen's, and the jury's award was reasonable in light of the facts adduced at trial.

Following *Campbell,* we are unable to say that the jury was not misled and, after examining the record, we are unable to say that the verdict under proper instructions could not have been different. The record contains no finding that at some point Forbes knew or should have known of the mistake—the jury found only total damages of $20,000 and 25% of fault with Forbes. Given the conflicting instructions, the jury could have found that Forbes took Carafate by mistake for twenty weeks, that her damages for each week were $1,000, and that she was 25% responsible; or, the jury could have found that Forbes' damages were $4,000 per week for five weeks during which Forbes was 25% at fault, and that after five weeks Forbes knew or should have known of the mistake and was therefore barred from recovery.

Under the latter, but for the contributory negligence instructions, Forbes' recovery would have been $60,000. Thus, the verdict "could have been based on the erroneous instruction," *Whitaker, supra,* and reversal is called for.

Moreover, reversible error occurs when the jury receives contradictory instructions. For example, in *Zimmerman v. Moore* (1982), Ind.App., 441 N.E.2d 690, *reh'g denied,* the court reversed because the jury had been instructed first, that both latent and patent defects are covered by an implied warranty of habitability, then later, that the implied warranty covers only latent defects existing when the lease commenced. *Id.* at 693.

The third disputed instruction, tendered by Forbes as Plaintiff's # 2, detains us only briefly. Forbes appeals from the court's refusal to instruct the jury:

> Where there is doubt as to the exact proof of damages, such uncertainty must be resolved against the wrongdoer.

(R. 796).

■ Refusal of a tendered instruction is not reversible error if the tender misstates the law. *See Sullivan v. Fairmont Homes* (1989), Ind.App., 543 N.E.2d 1130, 1140, *trans. denied.* In support of its tender, Forbes cites three cases. These, however, identify it as the standard for appellate review of damage awards in tort actions. *See Nahmias Realty v. Cohen* (1985), Ind.App., 484 N.E.2d 617, *trans. denied; Indiana Tri–City Plaza Bowl v. Estate of Glueck* (1981), Ind.App., 422 N.E.2d 670, *trans. denied; Friendship Farms Camps v. Parson* (1977), 172 Ind. App. 73, 359 N.E.2d 280, *trans. denied.* It is fundamental that a plaintiff carries the burden of proof as to damages. Forbes' tendered instruction would negate that burden.

For the foregoing reasons, the judgment of the trial court is reversed and remanded for a new trial.

CONOVER and STATON, JJ., concur.