986 F.2d 1424
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Lillian KOCHIN, Plaintiff-Appellant,
v.
EATON CORPORATION and Yale Material Handling Corporation,
Defendant-Appellees.
 No. 92-2690.
 United States Court of Appeals, Seventh Circuit.
 Argued Jan. 7, 1993.
Decided Feb. 22, 1993.
 
 1
 Before CUMMINGS and KANNE, Circuit Judges, and TERENCE T. EVANS, District Judge*.
 
 ORDER
 
 2
 Lillian Kochin was injured when she was hit by a fork lift truck at her place of employment. Her lawsuit arising out of the accident was tried to a jury in the United States District Court for the Northern District of Indiana, under the court's diversity jurisdiction.
 
 
 3
 The trial did not go well for Ms. Kochin, and she now appeals from the jury's verdict finding that the truck, manufactured by the defendant Yale Material Handling Corporation, was not unreasonably dangerous. We affirm.
 
 
 4
 On October 7, 1986, Ms. Kochin was working at the Packaging Corporation of America (PCA). She left her work station to get a drink of water. To reach the water fountain, which was behind a corner or a jog in the wall, she had to cross an aisle regularly used for travel by fork lift trucks. As she was returning to her station, she came out from behind the corner, stepped into the aisle, and was hit by a fully loaded fork lift truck which was traveling, backwards, at a slow pace. The driver of the truck, like Ms. Kochin an employee of the Packaging Corporation, was looking in the direction the truck was moving. She did not see Ms. Kochin before the accident.
 
 
 5
 The truck was manufactured by Yale Material Handling Corporation. Although Yale offered back-up alarms and lights for its fork lift trucks, PCA did not order any of these safety devices.
 
 
 6
 After purchasing the truck, PCA installed a rotating flashing light, which was intended to be in operation whenever the truck was traveling backwards. The light, however, was not working at the time of the accident.
 
 
 7
 Ms. Kochin filed a multicount, multiparty complaint arising out of the accident. Some claims and one of the parties were dismissed on summary judgment. When the case went to trial, the only remaining claim--against Yale alleging that the truck was unreasonably dangerous--was resolved against Ms. Kochin. On appeal, Ms. Kochin contends (1) that the trial court erred in allowing evidence of PCA's modification of the truck, (2) that the court improperly instructed the jury on the incurred risk defense, and (3) that the Indiana incurred risk defense does not apply to a bystander, as opposed, for instance, to the operator of the machine.
 
 
 8
 Prior to trial Ms. Kochin filed a motion in limine raising an objection to the introduction of any evidence relating to PCA's modification of the truck by the installation of the rotating light. The motion was denied, but the trial judge said Ms. Kochin could object to the evidence if its introduction was sought during the trial.
 
 
 9
 The primary issue that prompts this appeal arose at trial during the cross-examination of Ernest Dale Voorhees, a maintenance worker who had been with Packaging Corporation for 32 years. Defense counsel asked 43 questions regarding the truck's backup lights before Ms. Kochin's counsel lodged an objection. Those questions included the following:
 
 
 10
 Q. So you knew that from the other lift trucks it was desirable to have a light on this particular fork truck?
 
 
 11
 A. Yes, it was brought up in the safety meeting.
 
 
 12
 Q. Who put the lights on the trucks? Packaging Corporation?
 
 
 13
 A. Yes.
 
 
 14
 After this question, the 43rd asked on the subject, Ms. Kochin's counsel objected.
 
 
 15
 It seems clear to us that many of the questions asked and answers given by Mr. Voorhees cut both ways. Ms. Kochin complains that the questioning hurts her case; however, it seems just as likely that it could have helped her by, for instance, pointing up the fact that the fork truck should have, but did not have, reasonable safety features when it was sold to Ms. Kochin's employer.
 
 
 16
 In any case, the trial court, when it denied the motion in limine, specifically invited Ms. Kochin to object to the evidence at trial. She did not interpose a timely objection. At oral argument, Ms. Kochin's counsel said it didn't seem appropriate that he should have had to object "1,000 or 2,000 times" to raise the issue of the appropriateness of the questions on appeal. He's right, of course, but one objection, made early, would have been nice. One objection, made in a timely fashion, would have focused the issue and permitted our review of the alleged error. The objection, which was raised, came too late to allow us to consider the appropriateness of the inquiry regarding the modifications done on the truck. See rule 103, Federal Rules of Evidence.
 
 
 17
 Ms. Kochin also raises issues involving the incurred-risk defense. She contends that the defense does not apply to a bystander and that the instruction to the jury on the point was, therefore, improper.
 
 
 18
 The verdict form used in this case consisted of several interrogatories. The first involved whether or not the fork lift was in a "defective condition unreasonably dangerous to the plaintiff." The jury said "no" and that answer ended the work of the jury on the case. The jurors were instructed that if they answered question one in the negative, they should not answer other questions, including the one regarding incurred risk.
 
 
 19
 Assuming that an error was made regarding the incurred-risk defense, it did not form the basis of the jury's verdict. After the jury found that the truck was not unreasonably dangerous, the case was over.
 
 
 20
 Under Indiana law, an erroneous instruction will merit reversal only if it could have formed the basis of the jury's verdict. David J. Canfield, Jr. v. Melvin H. Sandock and Betty J. Sandock, 563 N.E.2d 1279 (1990), reh'g denied, March 13, 1991; Whitaker v. Kruse, et al., 495 N.E.2d 223 (Ind.App.1986). Here it could not have been the basis for the verdict.
 
 
 21
 The judgment of the district court is therefore affirmed.
 
 
 
 *
 Hon. Terence T. Evans, Chief Judge of the United States District Court for the Eastern District of Wisconsin, is sitting by designation